### BOOKER v. THE STATE.

GILBERT, J. 1. On the trial of the accused charged with murder, the court did not err in charging as follows: " In a homicide case malice does not mean ill will or hatred or grudge, or a state of mind of that sort. Express malice means a deliberate intention to kill. If the defendant made up his mind with any degree of deliberation to kill the deceased unlawfully and executed that deliberate intention, then he is guilty of murder; but the law will imply malice, even if it is not shown by the circumstances, in every case of an unlawful killing where no considerable provocation appears and all the circumstances of the killing show an abandoned and malignant heart." This charge was not subject to the criticism that it was error because " the State failed to prove malice, either expressed or implied."

2. The court did not err in charging the jury as follows: " Now if the deceased had a pistol in his possession and was seeking to use the pistol upon this defendant, and this defendant, by reason of the fact that the deceased, Richard Harpe, was trying to kill him with a pistol or shoot him with a pistol, became excited and took the pistol from him, and as a result of a sudden heat of passion aroused in this defendant by the fact the man was trying to shoot him or making an assault upon him with a pistol, took the pistol and shot the deceased when there was no immediate necessity for him to shoot in order to protect his own life or to protect himself from being feloniously assaulted with a pistol by the deceased, but acted on the influence of a sudden heat of passion due to the fact the deceased tried to kill him or assault him, or assaulted him with a pistol, then he would not be guilty of murder, but would be guilty of voluntary manslaughter if there was no necessity actual or apparently for him to shoot the deceased in order to save his own life or to protect himself from a felonious assault. There are two grades of unlawful homicide that you may consider in this case. I have given you the law as to which of them is the graver offense, murder." This charge is not subject to the criticism that " if the facts stated by the trial judge are true this defendant would be justified, and would not be guilty of any offense; this charge is confusing to the jury; this charge is not a fair charge on the law of voluntary manslaughter."

3. The court did not err in charging the jury as follows: " Voluntary manslaughter is where one intentionally kills another where the person who is killed makes an assault upon the person killing, or attempts to commit a serious personal injury upon him, or some other circumstances equivalent thereto, sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, shall in no case be sufficient to free the person killing from the guilt and crime of murder and reduce it to voluntary manslaughter. In order for an intentional unlawful killing to be reduced from murder to voluntary manslaughter, the killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; in other words, if you find in this case the killing

was not justifiable, and you come to determine whether the killing was murder or voluntary manslaughter, in order to reduce it from murder to voluntary manslaughter you must believe the killing was the result of a violent impulse of passion occasioned by the deceased making an assault upon the defendant, sufficient to justify the excitement of this sudden heat of passion." This charge is not subject to the criticism that it " is not applicable to the facts proved in the case, and probably misled the jury, for they convicted the defendant of murder, when the defendant is not guilty of any offense greater than voluntary manslaughter at most."

4. The court did not err in charging the jury as follows: " Now you determine in this case, first, whether or not this killing was justifiable. If you find it was not justifiable because there was no necessity either to kill or apparent necessary for him to shoot in order to save his own life or to protect himself from a felonious assault with a pistol, then the killing would not be justifiable, and you would have to determine whether the killing was murder or voluntary manslaughter. If the deceased was giving the defendant no provocation, no considerable provocation, and he shot him with his own pistol, that is, the defendant's pistol, when the deceased was giving the defendant no considerable provocation, making no assault upon him, doing nothing sufficient, in the opinion of the jury, to justify the excitement of uncontrollable passion, then the defendant is guilty of murder, because the law would imply malice in a case of that sort; or if the defendant made up his mind with any degree of deliberation to kill the deceased unlawfully, and carried out that deliberate intention by killing him, he is guilty of murder. But in this case as to all these propositions, with a view of finding the truth of the case, you will give the defendant the benefit of all reasonable doubt." This charge is not subject to the criticism that " the trial judge expressed his opinion as to the facts proved in the case; it was a question for the jury to say whether the law would imply malice, and whether there was any malice proved, and not for the presiding judge."

5. The evidence authorized the verdict.

<div style="text-align:center">

*Judgment affirmed. All the Justices concur.*

*John R. Cooper* and *W. O. Cooper Jr.*, for plaintiff in error.

*George M. Napier*, attorney-general, *Charles H. Garrett*, solicitor general, and *Seward M. Smith*, asst. atty.-gen., contra.