### COMER v. AMERICAN TELEPHONE & TELEGRAPH CO.

BELL, J. 1. The provision of the Civil Code (1910), § 2811, to the effect that any telegraph or telephone company, in the exercise of the power of eminent domain, shall have the right to construct, maintain, and operate telegraph or telephone lines, or both, where necessary "under or over" any private lands in this State, must, upon a consideration of the entire section, be construed as authorizing the company to construct, maintain, and operate its lines both under and over such lands, where necessary for the public use served by such company.

2. The word "or" as used in a statute should be construed as "and" when necessary to give effect to the intention of the legislature as manifested by the context and the circumstances; and under this rule, the word as used in the statute under consideration must be construed as having a conjunctive, and not a disjunctive, meaning. *Clay* v. *Central R. Co.,* 84 *Ga.* 345 (10 S. E. 967); 46 C. J. 1126.

3. Under the foregoing rulings, the award of the appraisers in the condemnation proceedings was not invalid because the notice to the landowner claimed the right to condemn a right of way "upon, over, under, and across" the lands described.

4. As a further attack upon the award, it was alleged that on the date appointed for the hearing the plaintiff, through his attorney, met with two of the appraisers and made an agreement with them that they would not go upon the property of the plaintiff for the purpose of condemning it without giving the plaintiff "further notice of when they would proceed with the condemning of petitioner's property, after they had consulted with the attorney for the defendant telephone and telegraph company;" and that although the plaintiff relied upon this agreement and did not go to the place appointed for holding the condemnation proceedings, the appraisers, without further notice to the plaintiff, and "without giving him any opportunity to be present at said condemnation proceedings," did thereafter on the same day "attempt to condemn" the plaintiff's property, and did make and render the award complained of. Construing the allegations most strongly against the plaintiff, as must be done on demurrer, it should be assumed that the agreement by the two appraisers was made without the knowledge or consent of the com-

pany and at a time and place when these two appraisers were not presiding in their official capacity. In these circumstances, the plaintiff, in shaping his conduct by such agreement, took the risk of objection by the opposite party and of the possible action of the appraisers in proceeding to trial at the time and place appointed, according to law. *Dorsey* v. *Griffin*, 173 *Ga.* 802 (161 S. E. 601); *Bettie* v. *Daniel Bros. Co.*, 175 *Ga.* 349 (165 S. E. 265).

5. The foregoing rulings will dispose of all questions argued in the brief of counsel for the plaintiff; and under the rulings thus made the court did not err in sustaining the general demurrer and dismissing the petition for injunction.

*Judgment affirmed. Russell, C. J., Beck, P. J., and McLaughlin, Graham, and Hawkins, JJ., concur.*

No. 9161. FEBRUARY 28, 1933.

*Scott Candler,* for plaintiff.

*McDaniel, Neely & Marshall,* for defendant.