### DOUBERLY *v.* THE STATE.

No. 11751. APRIL 14, 1937. ADHERED TO ON REHEARING, JULY 10, 1937.

*Ulmer & Dowell,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Samuel A. Cann, solicitor-gen-*

*eral, Dave M. Parker, E. J. Clower, Ellis G. Arnall,* and *Andrew J. Ryan,* contra.

ATKINSON, ∙Justice.   An indictment containing three counts charged Willie E. Douberly, Leroy Douberly, and Edward Kent with the murder of Peter Carellas.   The defendants Douberly made a motion for change of venue, based on alleged grounds of inflamed public opinion that would render it impossible to obtain an impartial jury.   The motion was overruled, and the movants excepted pendente lite. On the separate trial of Willie E. Douberly a verdict was returned, finding him guilty.   The defendant made a motion for a new trial, which was overruled and he excepted.

■   On the hearing of the application for change of venue (Code, § 27-1201) the uncontradicted evidence introduced by the defendant, consisting of publications in the local newspapers, opinions and sayings of the officers in relation to the crime, and opinions of witnesses as to impossibility to obtain an impartial jury, was insufficient to require an order changing the venue.

■   One of the codefendants who was not on trial was introduced by the defendant, and gave testimony tending to show that the defendants did not participate in the crime.   In the defendant's statement before the jury statements were likewise made tending to show that the defendants did not participate in the crime.   The State introduced alleged confessions of both these defendants, for the purpose of contradiction and impeachment.   The preliminary evidence was sufficient to show that the confession of the defendant not on trial was freely and voluntarily made, and it was not erroneous to admit evidence of his confession, over objection (1) that the ground had not been properly laid for the introduction thereof; or (2) that said confession of the witness, being that of a codefendant, was inadmissible as against any party except himself.   Neither was it erroneous to admit the confession of the defendant on trial, over the objections (1) "that the evidence showed that he [defendant] had been arrested without a warrant, held in prison without being taken before a magistrate for several days, denied the privilege of counsel, and had been under constant questioning for several hours before he was alleged to have made said confession;" (2) "that [the] officer  .  . who reduced the confession to writing testified that he did not know what had been said to movant before the time he was present, and could not re-

call whether 'Kent told Douberly he had better go ahead and admit it,' or not." Considered with other evidence, the evidence as a whole was sufficient to show that the confession was made freely and voluntarily.

■ The court charged the jury as follows: "A person shall be considered of sound mind, who is neither an idiot, lunatic, nor afflicted by insanity, or who has arrived at the age of fourteen years, or before that age if such person knows the distinction between good and evil." This charge was not erroneous, as contended, on the ground that it "was calculated to mislead and did mislead the jury into believing that a person fourteen years of age was to be considered of sound mind as a matter of law."

■ The court charged the jury: "The defendant shall have a right to make to the court and jury such statement in his behalf as he may deem proper. It shall not be under oath, and shall have only such weight as the jury may think proper to give it; and the jury may believe it in preference to the sworn testimony, provided they believe it to be true." Error is assigned on this charge, on the ground that the use of the words, "provided they believe it to be true," was unauthorized by law, and that the use of such words excluded the defendant's statement from consideration by the jury "unless they believed it to be true in its entirety, whereas the law provides that such statement 'shall have such force only as the jury may think right to give it.' Further, while the jury might not be convinced of the truth of the statement, they might give it sufficient weight as to create a reasonable doubt as to the guilt of the accused under the law, but not under the charge as given." It would have been better practice merely to charge in the language of the Code, § 38-415 (*Taylor* v. *State,* 132 *Ga.* 235, 63 S. E. 1116), but the charge as given was not cause for reversal for the reasons stated.

■ Impeachment of witnesses is a collateral matter, and omission to charge the law on that subject is not cause for reversal where an appropriate request was not made for instruction on that subject. *Downing* v. *State,* 114 *Ga.* 30 (3) (39 S. E. 927); *Howell* v. *State,* 160 *Ga.* 899 (12) (129 S. E. 436).

■ The complaint, in a special ground of a motion for a new trial, that the verdict showed prejudice of the jury, in that in

writing the verdict the word ".guilty" was heavily underscored, is merely elaborative of the general grounds.

■ On trial of a defendant charged with murder, a juror who from having heard any of the testimony delivered on oath has formed and expressed any opinion in regard to the guilt or innocence of the prisoner at the bar (Code, § 59-806 (1)), is incompetent and shall be set aside for cause. Code, § 59-807. Such incompetency will be shown where it appears that the juror in question had served as a juror on a coroner's inquest over the body of the person alleged to have been slain (§ 21-209), and after hearing testimony has joined in rendition of a verdict declaring that the deceased "came to his death from an assault with murderous intent by an unknown person, and same was murder." §§ 21-213 : 21-207 : 21-215. Where such incompetency exists, but is not discovered until after verdict, it may be urged under principles relating to newly discovered evidence by motion for a new trial. *Monroe* v. *State, 5 Ga.* 85, (6) 139; *Ray* v. *State,* 15 *Ga.* 223. But under the principles mentioned, a new trial will not be required on such ground, if by ordinary diligence (Code, § 70-205) the defendant or his attorney could have discovered the ground of incompetency of the juror before the verdict; the burden of showing such diligence being on the movant. *King* v. *State,* 174 *Ga.* 432 (4) (163 S. E. 168); *Redding* v. *State,* 183 *Ga.* 704 (189 S. E. 514), and cit. In the instant case, where the inquest was held four months before the trial, inquiry would have revealed the facts of inquest, the names of the jurors, and the verdict returned by them; the papers all having been returned to the superior court. In the circumstances, there was failure to exercise diligence to discover the facts before verdict; and consequently the alleged newly discovered evidence as to incompetency of the juror did not require a new trial.

■ The evidence was sufficient to support the verdict, and there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents from the ruling in paragraph 4.*