## ADAMS *v.* THE STATE.

No. 12951. SEPTEMBER 14, 1939.

*James R. Venable, B. J. Dantone,* and *John G. Morris Jr.,* for plaintiff in error.

*Ellis G. Arnall,* attorney-general, *John A. Boykin,* solicitor-general, *J. W. LeCraw, E. E. Andrews, E. J. Clower* and *H. E. Smith,* assistant attorneys-general, contra.

JENKINS, Justice. The defendant was indicted and convicted, without a recommendation, of the murder of another woman by stabbing. Two eye-witnesses testified for the State, that the killing followed an argument between the defendant, who had lived four years previously as the common-law wife of a man, and the deceased who also was then living in that relation with this man, at the time of the homicide, as to whether the defendant could spend the night at a house where this man, his mother, and the deceased

were then living together. Both witnesses testified that after the argument the defendant started out of the house, followed by the deceased, and when the deceased turned back into the house the defendant returned and stabbed her in the back with a butcher knife. According to the testimony of these witnesses, the deceased had both hands down at her side, had nothing in her hand, and at the time of the killing was doing nothing to the defendant. There was no evidence that the deceased previously had any weapon, or that there had been any previous struggle. The deceased died within a short time. The embalmer testified that the only wound was in the back of the deceased, near her spine. The only testimony for the defendant was that of several witnesses as to good character. In her statement to the jury she said: "I walked out on the porch. Clara [the deceased] ran after me. She said [with a derogatory word], 'You can not park here to-night. If you fool with me, Hanley [an undertaker] will be your pick-up man.' I said 'What is the matter?' I walked in the alley. Clara came behind me and pulled a knife this long [indicating]. She made at me and tried to kill me. I don't know where I got the knife. God gave me the strength. I was not trying to kill the woman. I was trying to make her leave me alone. Gentlemen, these people urged her to jump on me, and that was what she was trying to do." The exceptions are on the general grounds and the ground indicated in division 2, infra.

■ While the defendant contended in her statement to the jury that she stabbed the deceased in self-defense after the deceased had "pulled a knife" and "made at [her] and tried to kill her," the verdict of guilty was authorized by testimony of two eye-witnesses that the defendant stabbed the deceased in the back after the deceased had turned back into a house, with her hands at her side and nothing in them, and while she was doing nothing to the defendant.

■ The judge by his charge to the jury defined murder, in the language of the Code, § 26-1002, to be "the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied." Immediately thereafter he defined express malice, as used in the Code definition of murder, to be "where a person plans and plots deliberately to take away a person's life and pursues the plan

and the plot and executes the design, and it is susceptible of proof by outward circumstances." While it has been said that "where the judge on the trial of one charged with murder undertakes to define that offense, and malice, as employed in the definition of murder, it is better to charge in the language of the Penal Code" (*Surles* v. *State*, 148 *Ga.* 537 (2), 97 S. E. 538; Code, §§ 26-1002 to 26-1004, inclusive), it has also been held that the failure to use this identical language does not constitute prejudicial error, where no essential element is omitted from the definition, and nothing is added to impair the meaning as expressed by the Code. *DuPre* v. *State*, 153 *Ga.* 798 (3) (113 S. E. 428); *Goolsby* v. *State*, 147 *Ga.* 169 (93 S. E. 88); *Devereaux* v. *State*, 140 *Ga.* 225 (3), 226 (78 S. E. 849); *Benton* v. *State*, 185 *Ga.* 254 (194 S. E. 166); *Booker* v. *State*, 154 *Ga.* 538 (114 S. E. 711). Under this ruling, the charge is not subject to the exception that it incorrectly defined express malice. Nor did it amount to an expression of opinion as to what had or had not been proved.

*Judgment affirmed. All the Justices concur.*