21772.  ·FENNELL v. THE STATE.

ARGUED SEPTEMBER 11, 1962—DECIDED OCTOBER 10, 1962—
REHEARING DENIED OCTOBER 22, 1962.

*Otis C. Bell, Wesley R. Asinof,* for plaintiff in error.

*Dan Winn, Solicitor General, John T. Perren, Assistant Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

MOBLEY, Justice. ■ Defendant excepted to the following charge: "A person shall be considered of sound mind who is neither an idiot, a lunatic, nor afflicted by insanity, or who has arrived at the age of 14 years or before that age if such person knows the distinction between good and evil," on the ground that it was an incorrect statement of the law in conflict with *Code* § 26-301, which reads as follows: "A person shall be considered of sound mind who is neither an idiot, a lunatic, nor afflicted with insanity, and who has arrived at the age of 14 years, or before that age if such person know the distinction between good and evil," and on the further ground that it was confusing and misleading to the jury and in effect withdrew defendant's defense of insanity from the consideration of the jury.

It is not error to fail to charge in the exact language of the

Code where the substance is given and the true meaning conveyed. *Adams v. State*, 188 Ga. 668, 670 (4 SE2d 663). *Code* § 26-301, as applied to this defendant, who is over 14 years of age, could have been charged properly: (1) "a person who has arrived at the age of 14 years, and who is neither an idiot, a lunatic, nor afflicted with insanity, shall be considered of sound mind" or, (2) "a person who is neither an idiot, a lunatic, nor afflicted with insanity, and who has arrived at the age of 14 years shall be considered of sound mind." It is apparent, however, that where the word "or" is substituted for the word "and," as was done by the trial judge in his charge, the meaning of *Code* § 26-301 is radically changed, as the effect of the charge is to instruct the jury that the defendant shall be considered of sound mind if they find him to be over 14 years of age, which completely eliminates his sole defense of insanity.

The charge is an incorrect statement of the law and fails to convey the substance and true meaning of *Code* § 26-301. Where, as here, the defendant is charged with a brutal killing, to which he offers no defense other than his insanity, and the death sentence is imposed, we cannot say that the erroneous charge was not harmful to the defendant.

In *Douberly v. State*, 184 Ga. 573 (192 SE 223), at Division 3 of the opinion, this court made the following ruling: "The court charged the jury as follows: 'A person shall be considered of sound mind, who is neither an idiot, lunatic, nor afflicted by insanity, or who has arrived at the age of fourteen years, or before that age if such person knows the distinction between good and evil.' This charge was not erroneous, as contended, on the ground that it 'was calculated to mislead and did mislead the jury into believing that a person fourteen years of age was to be considered of sound mind as a matter of law.' "

Is this ruling made by a full bench binding in the present case? We think not. The record in that case discloses that the amended motion for new trial complains of the charge on the sole ground that it "was calculated to mislead, and did mislead the jury, into believing that a person 14 years of age was to be considered of sound mind as a matter of law." In the present case the defendant assigns error on the additional ground that

the charge was erroneous for the reason that it "was in violation of *Code* § 26-301 . . . and amounted to a complete misconstruction of the law." This ground, not in the *Douberly* case, supra, but strongly insisted upon here, is meritorious because the charge did violate the Code and was a misconstruction of the law.

It has been held that the disjunctive word "or" as used in a statute should be construed as the conjunctive word "and" when necessary to do so in order to give effect to the intention of the legislature as manifested by the context and circumstances. *Clay v. Central R. & Bkg. Co.*, 84 Ga. 345 (1) (10 SE 967); *Smith v. Hatcher*, 102 Ga. 158, 160 (29 SE 162); *Comer v. American Tel. &c. Co.*, 176 Ga. 651 (2) (168 SE 786); *Wilson v. Pollard*, 190 Ga. 74, 79 (8 SE2d 380). This rule has been applied in the construction of a will. *Tennell v. Ford*, 30 Ga. 707 (2). Conversely, in order to carry out legislative intention the word "or" may be substituted for the word "and." *Perry v. Perry*, 213 Ga. 847, 852 (102 SE2d 534). See *Clay v. Central R. & Bkg. Co.*, 84 Ga. 345, 348, supra; *Reynolds v. Wingate*, 164 Ga. 317, 323 (138 SE 666); *Roby v. Newton*, 121 Ga. 679, 683 (49 SE 694, 68 LRA 601).

In *Roby v. Newton*, supra, the court was urged to read the word "and" in the statute as "or." In refusing to do so it said: "While in interpreting statutes it is sometimes permissible to read 'and' [as] 'or,' we do not think that in a statute which imposes a fortfeiture or a penalty this change in wording should be made by construction, when by the terms of the statute as framed it requires the concurrence of two things to work a forfeiture or impose the penalty, and the result of a change in the verbiage would have the effect to bring about a forfeiture or penalty by an existence of only one of the two things." In refusing to substitute the word "or" for the word "and" in a clause in a written instrument this court in *Reynolds v. Wingate*, 164 Ga. 317, 323, supra, stated: "In order to effectuate the intention of the parties to an instrument, the word 'and' is sometimes construed to mean 'or.' Ordinarily these words are in no sense interchangeable terms. On the contrary, they are used in the structure of language for purposes entirely dissimilar and

variant. The substitution of 'or' for 'and' should never be resorted to except for strong reasons, and the word should never be so construed unless the context favors such substitution. 2 C. J. 1338, § 2." See also *Georgia Paper Stock Co. v. State Tax Board,* 174 Ga. 816, 819 (164 SE 197), where, quoting from Bouvier's Law Dictionary, this court said of the word "or" that "its . . . natural meaning, where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things . . . 'Or' is never construed to mean 'and' when the evident intent . . . would be thereby defeated."

The effect of the trial judge's substitution of the word "or" for the word "and" as used in the Code is to give the jury a choice of two situations, the existence of *either* requiring that they consider the defendant of sound mind, to wit: They shall consider him of sound mind if they find him to be 14 years of age or over, *or* (we use the word disjunctively) they shall consider him of sound mind if they find that he is neither an idiot, a lunatic, nor afflicted with insanity. *Code* § 26-301 says the jury shall consider him of sound mind not if *either* of two considerations exists, but if *both* are present, that is, the defendant *is* over 14 years of age *and* (we use the word conjunctively) *is not* an idiot, a lunatic, nor afflicted with insanity.

*Douberly v. State,* 184 Ga. 573, supra, was decided on the limited ground that the charge did not mislead or confuse the jury. Neither the record nor the opinion indicates that either court or counsel were aware of the change made in the 1933 Code, where "and" was substituted for "or." The *Douberly* case was decided about fifteen months after the effective date of the Code of 1933, January 1, 1935. While courts are charged with knowledge of the law, this court is not bound by the decision in the *Douberly* case where the ground was not made or considered by the court that the charge violated *Code* § 26-301 and was a misconstruction of it.

The charge complained of is erroneous, requiring the grant of a new trial.

■ Special ground 2 is without merit. The court correctly charged the law that if two or more persons form a common

intent and purpose to commit a crime, and pursuant to such common intent and purpose such crime is actually committed, then in that event the act of each present, aiding, abetting and counseling to commit the crime is attributed to and is the act of all so present, aiding and abetting in the commission of the crime, with the common intent and purpose to commit the crime. The complaint is that, after so charging, the trial judge instructed the jury that "if . . . you have a reasonable doubt as to his guilt, as to the existence of such a conspiracy, it would be your duty to give him the benefit of that doubt and acquit him," which defendant contends is erroneous and misleading. The charge was correct and was not misleading.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Almand, JJ., who dissent.*

CANDLER, Justice, dissenting. As shown by the record in this case, the court charged the jury as follows: "A person shall be considered of sound mind who is neither an idiot, a lunatic, nor afflicted by insanity, or who has arrived at the age of 14 years or before that age if such person knows the distinction between good and evil." The exception to the quoted portion of the charge was on the ground that it was confusing and misleading and in effect withdrew the defendant's defense of insanity from the consideration of the jury since it substituted the word "or" for "and" and was therefore a misstatement of the provisions of *Code* § 26-301. In *Douberly v. State,* 184 Ga. 573 (3), supra, where the accused was indicted, tried and convicted for the offense of murder, the judge gave a charge identically like the one here complained about and it was excepted to on the ground that it "was calculated to mislead and did mislead the jury into believing that a person fourteen years of age was to be considered of sound mind as a matter of law." On this exception the trial judge refused to grant Douberly a new trial and this court on April 14, 1937, unanimously affirmed that ruling. The charge complained of in *Douberly's* case was given and unanimously approved by this court after the Code of 1933 was adopted and the ruling made by this court in his case necessarily construed § 26-301 of the 1933 Code. Since the decision rendered in *Douberly's* case, insofar as it deals with the

question here involved, has never been overruled or materially modified, it has the force and effect of a statute (*Code* § 6-1611; *Calhoun v. Cawley*, 104 Ga. 335, 30 SE 773), and is an applicable and binding precedent which this court ought to apply and follow in the instant case. The failure of the majority to apply and follow the ruling in *Douberly's* case is not justified or authorized by the suggested supposition that the members of this court were unaware of the exact provisions of § 26-301 of the official Code of 1933 when they decided that case in 1937.

I am authorized to say that Chief Justice Duckworth and Justice Almand fully concur in this dissent.

