71394. KING v. THE STATE.
(341 SE2d 307)

POPE, Judge.

Appellant Charles Eugene King was indicted for murder and found guilty of voluntary manslaughter. He appeals from his conviction and the denial of his motion for new trial on the general grounds.

The evidence produced at trial showed that during a concert in a park in West End, King shot and killed Melvin Wingo. King told police called to the scene that after an argument he had shot Wingo in self-defense when Wingo attacked him with a knife, but no knife was found. There was a long history of bad blood between the King and Wingo families dating back to the 1981 trial of King's girl friend Gwendolyn Partridge for voluntary manslaughter at which Wingo's nephew was a witness for the State, and including the robbery and beating of King's cousin W. C. Yarn by two nephews of Wingo for which King helped Yarn obtain arrest warrants only four weeks prior to the homicide in question. Yarn had also sworn out a warrant against Wingo for terroristic threats. At the concert Wingo approached Yarn and an altercation ensued. Wingo's family attempted to get him to leave the park, but Wingo turned to King and threatened him for helping Yarn prosecute Wingo's nephews. Wingo's family again intervened and Wingo became involved in another alter-

cation with one Moses Lee. According to testimony, during that fight knives were produced by both men. After Wingo was pulled away he returned to King's truck where King was sitting and threatened King again, at which time King took a pistol from his glove compartment and shot Wingo once in the chest.

1. Appellant contends that the trial court erred in refusing to strike two jurors for cause as their answers to voir dire questions posed pursuant to OCGA § 15-12-164 (a) indicated that they were not unbiased or "perfectly impartial." The transcript reveals that defense counsel used only 18 of the 20 peremptory challenges allotted under OCGA § 15-12-165. One of the persons objected to here was struck thereunder and the full jury panel was selected before the other prospective juror's name was reached. " 'In general, where it does not affirmatively appear from the record that a party had exhausted his peremptory challenges at the time the full panel of jurors was accepted and sworn, the appellate court will presume that he was not prejudiced by the action of the court in erroneously disallowing his challenge for cause, and will not grant a reversal for the alleged error.' [Cits.]" *Foster v. State*, 240 Ga. 858, 859 (242 SE2d 600) (1978); *Finney v. State*, 242 Ga. 582 (7) (250 SE2d 388) (1978). Cf. *Bankston v. State*, 169 Ga. App. 955 (1) (315 SE2d 671) (1984).

2. Nor do we agree with appellant that the trial court erred in allowing testimony concerning Gwendolyn Partridge, which he asserts was not relevant to the shooting of Wingo and served no other purpose than to prejudice the jury and cause him harm. Appellant argues that use by the State of testimony that Wingo's nephew testified against Ms. Partridge in her 1981 trial and introduction of a certified copy of her conviction to establish the theory that appellant sought revenge against Wingo was not permissible under the relevancy requirements of OCGA § 24-2-1.

" 'The admission of evidence is a matter which rests largely within the sound discretion of the trial judge.' [Cit.] However, '[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value,' [cits.], and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. [Cit.]" *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360) (1980). " 'The general rule is that where the accused is on trial for assaulting and injuring or killing the victim, evidence of prior difficulties between the parties may be shown if they are such as to tend to throw light on the transaction in issue.' " *Davenport v. State*, 157 Ga. App. 704, 706 (278 SE2d 440) (1981). " 'A trial court does not err in admitting evidence of a previous difficulty between a defendant and victim which illustrates the state of feeling between them. [Cit.]' [Cits.] The fact that one of the incidents testified to in the case at bar occurred some [four] years prior to the shooting is a factor bearing on

the weight, not the admissibility, of the evidence. [Cits.]" *Dawson v. State*, 166 Ga. App. 515, 517 (304 SE2d 570) (1983). Accord *Jones v. State*, 148 Ga. App. 637 (2) (252 SE2d 65) (1979).

3. Appellant's argument that the trial court erred in failing to charge on involuntary manslaughter in the course of a lawful act (OCGA § 16-5-3 (b)) is also without merit. Appellant's defense was based upon self-defense, which was fully charged to the jury. "A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." *Crawford v. State*, 245 Ga. 89, 94 (263 SE2d 131) (1980). "Since appellant contends that he shot in self-defense and concedes that there was no accident involved, he does not show an absence of intent. Consequently, there was no error in the court's refusal to charge involuntary manslaughter." *Green v. State*, 249 Ga. 369, 371 (290 SE2d 466) (1982). Accord *Saylors v. State*, 251 Ga. 735 (2) (309 SE2d 796) (1983); *Wilson v. State*, 176 Ga. App. 322 (335 SE2d 888) (1985).

4. "After a careful review of the transcript, we hold that the evidence presented to the jury, when viewed in the light most favorable to the verdict, was sufficient to enable any rational trier of fact to find the appellant guilty of voluntary manslaughter beyond a reasonable doubt. [Cit.]" *McLemore v. State*, 176 Ga. App. 844 (338 SE2d 294) (1985); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 12, 1986.

*June D. Green*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell Parker, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.