### 43425. ROBINSON v. ROBINSON.
(345 SE2d 597)

MARSHALL, Chief Justice.

In this case, the trial court dismissed the appellant-plaintiff's petition for divorce. The reason for the dismissal was lack of prosecution due to appellant's counsel's failure to answer the call of the case for trial. The trial court also denied appellant's motion to vacate the dismissal. We granted appellant's application for discretionary appeal for the purpose of determining whether dismissal was improper, in that appellant's counsel's failure to appear was due to a conflict which counsel had resolved under Uniform Superior Court Rule 17.1 (253 Ga. at pp. 826-827). We conclude that although there was not a strict compliance with all of the provisions of Rule 17.1, there was sufficient compliance such that, under the circumstances of this case, the case should not have been dismissed and the motion to vacate the dismissal should have been granted.

1. (a) Subsection (A) of Rule 17.1 provides:

"An attorney shall not be deemed to have a conflict unless: (1) he is lead counsel in two or more of the actions affected; and, (2) he certifies that the matters cannot be adequately handled, and the client's interest adequately protected, by other counsel for the party in the action or by other attorneys in lead counsel's firm."

Subsection (B) provides:

"When an attorney is scheduled to appear in two or more courts (trial or appellate; state or federal), at the same time and cannot arrange for other counsel to represent adequately his client's interests, the attorney shall give prompt written notice of the conflict to opposing counsel, to the clerk of each court and to the judge before whom each action is set for hearing (or, to an appropriate judge if there has been no designation of a presiding judge). Attorneys confronted by such conflicts are expected to exercise diligence in giving such notice. The judges before whom such actions pend or the clerks of the respective courts shall confer, undertaking to resolve the conflict by agreement. Absent agreement, conflicts shall be promptly resolved by the judges or the clerk of each affected court in accordance with the following order of priorities:

"(1) Criminal (felony) actions shall prevail over civil actions;

"(2) Jury trials shall prevail over non-jury matters including trials and administrative proceedings;

"(3) Trials shall prevail over appellate arguments, hearings and

conferences;

"(4) The action which was first filed shall take precedence."

Rule 17.2 provides:

"The judges or clerks of the courts in which such conflicts exist shall give prompt written notice to all counsel of the manner in which the conflicts have been resolved. (In State Court, see State Court Rule 17.2.)"

(b) In regard to dismissals, Rule 14 (253 Ga. 825-826) provides:

"On its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action, or where appropriate, any pleading filed on behalf of any party upon the failure to properly respond to the call of the action for trial or other proceeding. In civil actions or criminal cases the court may adjudge any attorney in contempt for failure to appear without legal excuse upon the call of any proceeding."

2. Here, appellant filed her petition for divorce against appellee-defendant on October 3, 1984. On June 25, 1985, appellant filed a demand for jury trial. By letter dated January 23, 1986, appellant's attorney informed the judges of various state, superior and recorders' courts of certain conflicts. In this letter, appellant's attorney stated that he was serving as counsel in various criminal cases before Judge Homer M. Stark of the Gwinnett Superior Court, and he was also serving as counsel in the present case before Judge James Brooks of the Barrow Superior Court. The letter stated that it was being sent pursuant to Uniform Superior Court Rule 17.1.

On January 31, 1986, appellant's attorney appeared before Judge Brooks in an unrelated matter, and counsel informed the judge that he would be present on February 3, 1986, to try the present case. However, counsel was subsequently informed that a felony-criminal case in which he was appointed counsel would be called for trial at this time on Judge Stark's criminal calendar. Telephone conversations took place between Judge Stark's and Judge Brooks' offices, and counsel states that Judge Brooks was aware that counsel's felony-criminal case would be called for trial in the Gwinnett Superior Court on February 3 and that his "last word . . . was to go to Judge Stark." However, Judge Brooks dismissed this action for lack of prosecution because of appellant's attorney's failure to answer the call of the case on February 3. Appellant then filed a motion to vacate the dismissal, alleging that her counsel had sought to resolve the conflict under Rule 17.1, and he had been advised by the judge of the Gwinnett Superior Court that "the appearance of counsel in Gwinnett Superior Court had been cleared with [the Barrow Superior Court]."

3. In contravention of the requirement of subsection (A) of Rule 17.1, counsel did not state in his letter that he was lead counsel in the specified cases, and he did not certify that the matters could not be

adequately handled, and the client's interest adequately protected, by other counsel for the party in the action or by other attorneys in lead counsel's firm. And, it does not appear, as required by Rule 17.2, that prompt written notice of the manner in which the conflicts had been resolved was given to all counsel by the judges or clerks of the courts in which the conflicts existed.

However, the appellee does not complain of these omissions; nor does the appellee contest any of the appellant's allegations. Rather, the appellee also requests that the dismissal be vacated, in that the case is ripe for settlement and should not be delayed by the dismissal and consequent need for refiling.

Under these circumstances, we conclude that the case should not have been dismissed and the motion to vacate should have been granted.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 16, 1986.

*G. Hughel Harrison*, for appellant.
*John E. Stell, Jr.*, for appellee.