## 74009. BASS v. THE STATE.
### (358 SE2d 837)

McMURRAY, Presiding Judge.

Defendant Larry Lamar Bass was indicted for rape, aggravated sodomy and kidnapping. He was tried on August 4 and 5, 1986, and found guilty on all three charges. On appeal the sole error enumerated is the refusal of the trial court to excuse a challenged juror for cause. *Held*:

During the voir dire of the jury panel, the assistant district attorney asked the prospective jurors collectively if anyone knew or recognized the defendant. A prospective juror named Terrell responded affirmatively, stating that he had been a witness in another case when Bass was brought into the same court for a preliminary hearing. To the question if he thought that would have any effect on any decision he might make in this case, Terrell replied: "Well, the evidence I heard at the time, I think it would." The assistant district attorney then asked Terrell, "and because of what you heard before, you think you're already somewhat prejudiced?" Terrell answered, "I believe what I heard, yes."

When defense counsel undertook his voir dire he directed his questions to Terrell, as follows: "Mr. Terrell, I think you said some-

thing earlier about the fact that you were a witness — A. In another case when his [Bass's] case was brought into the city court, and it was bound over. Q. For that reason you feel like you couldn't be a fair and impartial juror? A. I think what I heard at the time, I formed an opinion, yes. [Defense counsel]: Your honor, I'm going to ask that he be excused for cause. The Court: Well, the test is whether or not you will follow and be controlled by the evidence and the instructions of the court. The Juror: I could be, yes. The Court: You would follow the evidence and be controlled by it? The Juror: Yes. The Court: And follow instructions of the court and apply the law as the court gives you in its charge? The Juror: Yes, sir. [Defense Counsel]: Your honor, I think he said he could be influenced by the court. And I think the terminology by your honor was he would be. From that reason I'd like to ask him a few more questions. The Court: No, sir, I think that is adequate. I think that I'm satisfied he said he would follow the evidence, be guided by the evidence and the instructions of the court. [Defense Counsel]: So you were in court when he [Bass] was in city court? The Juror: On another case, yes. [Defense Counsel]: Okay. And at that time you did form some opinion? The Juror: From what I heard, I did form an opinion, yes."

After the jury was selected and sworn without reaching Terrell, they were excused from the courtroom and the following colloquy ensued: "[Defense Counsel]: May it please the court, as far as the voir dire is concerned, I have this objection. I would ask your honor to strike the entire jury panel, because your honor left a juror on there that was in attendance at the preliminary hearing on this case of Mr. Bass, heard evidence about the case and I think the question by the court, leading question by the court, as a matter of fact, cannot cure any things he has heard in person. The Court: Now you see, that is the trouble that we get into about the jurors speaking out, not speaking out. Quite candidly I didn't understand. I thought he was speaking of some other preliminary hearing, not the one in this particular case. [Defense Counsel]: Well, he was present when this case — The Court: I caught that part. [The State]: Well, your honor, in any rate, the latter juror that was empaneled was juror number 41. The man that [defense counsel] is talking about, Mr. Terrell was juror number 46. We didn't even get to that point. [Defense Counsel]: Your honor, what happened is this. That I had to rearrange my — The Court: Well, this man sat, I couldn't hear. Tell you the truth that is the reason I got up and walked down there. I don't often do that, but I went down there so I could see if I could hear what they were saying. But I missed out on one juror, if that is the one I am thinking about, who I understood said that he had been at a preliminary hearing on the rape case. [Defense Counsel]: On Mr. Bass's case. Heard evidence when Mr. Bass was present. The Court: Is that the one? [Defense

Counsel]: Yes, sir. [The State]: Well, your honor, I would contend that the juror, I think the court came down to make sure that the juror said that he could be a fair and impartial juror. The Court: Well, I came down to try and hear what they were saying. [Defense Counsel]: He was already down there. The Court: Because I can't hear. I really can't and counsel can't either, as a matter of fact. [The State]: Well, your honor, as the state indicates, the last juror that was impaneled was juror number 41. And we had a jury of 12. And the other juror that [defense counsel] made reference to was juror number 46, somebody we didn't even reach anyway. We already had a jury by that time. He did not have to use a strike to remove that juror. . . . The Court: Oh, we didn't reach that juror. [Defense Counsel]: Well, your honor, I think the reason we didn't reach it, because we had alternate jurors to consider and I had to rearrange, I had to make sure I saved a strike for that one juror who had already seen part of the trial, and even though we did not reach him, it is possible we could have reached him because the state still had about five or six strikes. I had strikes and I had to use up my strikes saying to myself I have got to save one of these strikes for that man who has already heard part of a trial and has formed an opinion about the case and has told other jurors he has heard part of the case and has formed an opinion, which brings up another matter. The Court: Overrule the motion. . . . [Defense Counsel]: Yes, sir. But I have another motion on the same juror. That motion is that he stated that he had heard part of the trial in which he, Mr. Bass, was at the preliminary hearing. Mr. Terrell was at another hearing in the same courtroom listening and heard part of the evidence and said he had formed an opinion about the case and the other jurors heard that. Here's a juror that has heard evidence about the case and had already formed an opinion. He informed 48 other jurors in the courtroom or whatever that he had formed an opinion that this man was guilty by hearing part of the case already. The Court: He didn't say that. If he did, I didn't hear him. [Defense Counsel]: For that reason I would ask that this panel be stricken. The Court: All right. Overrule. Take a recess. [Defense Counsel]: Another issue, your honor, is along the same lines on the same juror, is that the juror, I think only acquiesced in leading questions by the court and I think that the fact that a juror shall be fair and impartial should come from the juror himself. . . ."

From this necessarily lengthy quotation of the trial transcript, it becomes obvious that Terrell had formed a definite opinion as to defendant's guilt or innocence; that he was not asked nor did he state whether he could be a fair and impartial juror; that the court's questions went only to whether Terrell would follow the evidence and instructions of the court; and that the judge could not hear all of Terrell's responses and was mistaken as to what he actually said. Since

defendants rarely put up evidence to rebut a showing of probable cause, it seems inevitable that Terrell would have decided that Bass was guilty from what he heard at the preliminary hearing where the State's evidence was that a crime had been committed and the defendant had committed the crime. See, e.g., Daniel, Ga. Criminal Trial Practice (1985 ed.), § 11-2. In any event, "a juror who from having heard any of the testimony delivered on oath [in this case at a coroner's inquest] has formed and expressed any opinion in regard to the guilt or innocence of the [accused] at the bar [cit.], is incompetent and shall be set aside for cause. [OCGA § 15-12-164.]" *Douberly v. State*, 184 Ga. 573, 576 (7) (192 SE 223) (1937). The examination conducted by the trial court included no inquiry as to whether Terrell's mind was "perfectly impartial" between the State and the accused as required by OCGA § 15-12-164 (a) (3), even though the judge thought it had occurred and so stated in overruling defendant's objections. We feel it is clear that this prospective juror should have been excused for cause.

However, since Terrell did not serve on the jury, being venireman number 46 on the panel and not reached before the jury and alternate were selected, the issue here is whether this error requires reversal. The State argues that the question is controlled by *King v. State*, 177 Ga. App. 788 (1) (341 SE2d 307) (1986), wherein this court held that when a jury is selected prior to reaching the offending juror and the defendant has strikes remaining, the error is harmless. *King v. State*, supra, was decided on February 12, 1986, but on February 25, 1986, the Supreme Court in *Harris v. State*, 255 Ga. 464 (339 SE2d 712) (1986) (a non-death penalty murder case) adopted the concurring opinion of Justice Gregory in *Blankenship v. State*, 247 Ga. 590, 597 (277 SE2d 505) (1981) (a death penalty murder case), which had rejected the harmless error rule when the trial court has refused to strike "an unqualified juror" and the defendant has not utilized all of his peremptory strikes.

Justice Gregory reasoned that under the mechanics of the jury selection procedure, such a complex and highly variable sequence of events may occur that the harmless error rule should not be followed. The court in *Harris v. State*, supra, agreed, stating that "a true determination of the harm caused by a trial court's refusal to strike an unqualified juror would require omniscience. The defendant's use of his peremptory strikes will thus no longer play a role in our evaluation of the harm caused by the refusal to strike an unqualified juror. A defendant is entitled to a panel of forty-two qualified jurors. OCGA § 15-12-160. . . . The defendant's failure to exhaust his peremptory strikes before the twelfth juror was impaneled does not render the error harmless. This ruling will apply to trials commencing after the date of publication . . ." *Harris v. State*, 255 Ga. 464, supra at 465.

Defendant's attorney, in fact, argued to the trial court that his peremptory strike strategy was adversely affected by the failure to disqualify Terrell, and also that Terrell's statements in regard to his pre-formed opinion of defendant's guilt had conceivably affected the entire panel of veniremen. In light of the reasoning and ruling in *Harris v. State*, supra, we are unable to conclude that the trial court's error in refusing to excuse Terrell for cause was harmless and are bound to reverse the case sub judice in order that a new trial may be conducted before a properly drawn jury.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

### ON MOTION FOR REHEARING.

Relying upon *Pope v. State*, 256 Ga. 189, 195 (345 SE2d 831), the State again argues that any error regarding Terrell was harmless since he was the 46th venireman. In *Pope v. State*, supra, the Supreme Court restated the rule that errors regarding a prospective juror "qualified 43rd or later" are to be deemed harmless. This rule does not conflict with our holding in the case sub judice. Although Terrell was the 46th venireman, he was the 38th *qualified* juror.

*Judgment adhered to.*

DECIDED APRIL 28, 1987 —
REHEARING DENIED JUNE 18, 1987 — ▇▇▇▇▇▇▇

*John T. Chason, Drew R. Dubrin*, for appellant.
*Lewis R. Slaton, District Attorney, Paul L. Howard, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.