## 74280. WEAVER v. THE STATE
(357 SE2d 153)

BANKE, Presiding Judge.

The appellant was indicted on two counts of aggravated assault, the first count alleging that he had assaulted the named victim "with a knife, a deadly weapon," and the second count that he had assaulted her on a previous occasion with an ax. The jury found him not guilty on Count 2 but guilty on Count 1. On appeal, he contends that the trial court erred in failing to charge the jury on simple assault as a lesser included offense and in failing to provide the jury with a verdict form which set fourth the option of finding him guilty of simple assault as a lesser included offense. *Held*:

Simple assault is not a lesser included offense of an aggravated assault in which a gun or a knife is alleged to have been used as a deadly weapon. See *Powell v. State*, 140 Ga. App. 36 (230 SE2d 90) (1976); *Hightower v. State*, 137 Ga. App. 790 (6) (224 SE2d 842) (1976).

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I agree with the majority that appellant's conviction should be

affirmed. However, the majority makes an unequivocal statement that "[s]imple assault is not a lesser included offense of an aggravated assault in which a gun or a knife is *alleged* to have been used as a deadly weapon." (Emphasis supplied.) There is no error in *this* case because the jury was authorized to believe either that the appellant assaulted the victim with a knife or he did not assault her. Thus, the appellant was either guilty as charged or not guilty. My concern is with a case wherein the indictment *alleges* the defendant assaulted a victim with a gun or a knife and the *evidence* would authorize the jury to find that the defendant did assault the victim but without a gun or knife or other deadly weapon. It is my opinion that, in such a case, the trial court would be required to charge upon the lesser included offense of simple assault if a written request were submitted. Cf. *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985). However, it would be arguable that the majority's emphasis in this case upon the allegations of the indictment would permit the trial judge to refuse to give such a written request. Because of this concern, I concur in the judgment only.

DECIDED MAY 5, 1987.

*Walter Van Heiningen*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.