77082. SEXTON v. THE STATE.
(375 SE2d 661)

POPE, Judge.

Appellant Sexton appeals his conviction for aggravated assault for which the court sentenced him to serve twenty years. The evidence at trial authorized the jury to find that appellant was stopped by store employees of N.T.'s, a convenience store, who suspected him

of shoplifting. Upon learning that the police had been called and were on the way, appellant drew a small pocketknife and swung it several times at store employees as he backed out of the store. Appellant was arrested by the police outside the store.

1. The trial court did not err in refusing to excuse for cause a prospective juror who stated that appellant looked like a drunk driver who caused an accident at which she had rendered aid. She first said that this possibly would stay in the back of her mind. She stated to counsel that while she couldn't say with absolute certainty that the suspicion that appellant had been the drunk driver would not enter her mind, she would like it not to enter. Upon questioning from the court, she agreed that she would try to be a fair and impartial juror.

"Whether to strike a juror for favor lies within the sound discretion of the trial court [cits.], and absent manifest abuse of that discretion, appellate courts will not reverse. [Cit.]" *Harris v. State*, 178 Ga. App. 735, 736 (344 SE2d 528) (1986). We find no abuse here. See also *Romine v. State*, 256 Ga. 521 (8) (350 SE2d 446) (1986); *Waters v. State*, 248 Ga. 355 (2) (283 SE2d 238) (1981). *Bass v. State*, 183 Ga. App. 349 (358 SE2d 837) (1987), cited by appellant as persuasive is clearly distinguishable. In *Bass*, the prospective juror had heard evidence at a preliminary hearing and had formed an opinion. That was not the situation here.

2. We also cannot agree that the trial court erred in refusing to strike the array of jurors who were present during the exchange between the prospective juror, counsel and the court regarding the drunk driver resemblance. This matter also lies within the discretion of the court and we find no abuse. *Hughey v. State*, 180 Ga. App. 375 (2) (348 SE2d 901) (1986); *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1986).

3. Finally, appellant argues that the trial court erred in refusing to charge simple assault as a lesser included offense of aggravated assault. This argument rests on appellant's contention that the jury could have found that the pocketknife used in the act could have been as short as one and a half inches and no longer than three inches and thus the jury could find that the knife was not a deadly weapon. However, the length of the knife is not the key factor in determining whether it constitutes a deadly weapon. "The knife in this case, though rather small and of a type suitable for carrying in the pocket, was arguably capable of inflicting the types of injuries which generally can be produced by knives, including death or great bodily injury. Whether or not the pocketknife in question constituted a deadly (or offensive) weapon was properly for the jury's determination. [Cits.]" *Hambrick v. State*, 174 Ga. App. 444, 445 (330 SE2d 383) (1985). See also *Davis v. State*, 184 Ga. App. 230 (1) (361 SE2d 229) (1987).

"Simple assault is not a lesser included offense of an aggravated

assault in which a gun or a knife is alleged to have been used as a deadly weapon. [Cits.]" *Weaver v. State*, 182 Ga. App. 806 (357 SE2d 153) (1987). We find appellant's argument to be without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 18, 1988.

Linda B. Borsky, for appellant.

Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, for appellee.