## A90A0015. DANIEL v. THE STATE.
(393 SE2d 500)

POPE, Judge.

Franklin E. Daniel, Jr., appeals from his conviction of aggravated assault.

The evidence showed that on March 18, 1988, Daniel went to the trailer of his estranged wife, who was home sick from work watching television with the youngest of her three children. The victim testified that Daniel gave her some roses, which he put on the TV set. They argued a while about whether she would go "mudding" and "plinking" with him (i.e., driving a Jeep around in the mud and shooting at tin cans), and then Daniel went into the bedroom and brought out his .22 caliber pistol and some ammunition. He loaded a clip into the pistol, aimed it at her and shot the victim in the neck, but took her to the hospital at her request. The gunshot wound left the victim permanently paralyzed from the chest down. Daniel testified that the relationship between him and his wife "had been on rocky ground for a long time," but that there was no argument and the pistol had accidentally misfired without his putting his finger on the trigger. Three of his friends testified that they had previously used this pistol and sometimes when the trigger was pressed once it would fire several times.

On appeal Daniel complains that the trial court erred in permitting the victim to testify about filing suit for divorce and a warrant she took out against him for simple battery which she later withdrew; in allowing the warrant to be introduced in evidence; and in charging the jury in regard to evidence of prior difficulties between himself and his wife. We find no error.

---

was known by all three names.

"The general rule is that where the accused is on trial for assaulting and injuring or killing the victim, evidence of prior difficulties between the parties may be shown if they are such as to tend to throw light on the transaction in issue. A trial court does not err in admitting evidence of a previous difficulty between a defendant and victim which illustrates the state of feeling between them." (Punctuation and citations omitted.) *King v. State*, 177 Ga. App. 788, 789 (2) (341 SE2d 307) (1986). Accord *Cannon v. State*, 257 Ga. 475 (3) (360 SE2d 592) (1987).

The fact that Daniel and the victim were in the process of obtaining a divorce was relevant to their relationship and the feelings between them, and the trial court allowed the victim to testify in this regard only for that limited purpose. This was likewise true of the victim's testimony that she had taken out a warrant for simple battery against Daniel because she was scared of him, and was in fact due to appear in court on the day she was shot, but had withdrawn the warrant after Daniel threatened her, paid her $100 and ordered her to do so. Thus this evidence was admissible to prove that the shooting was an aggravated assault, not an accident as Daniel contended, and the charge thereon was proper. *Williams v. State*, 259 Ga. 495 (1) (c) (384 SE2d 654) (1989). Accord *Stratton v. State*, 257 Ga. 593 (3) (362 SE2d 47) (1987).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 16, 1990.

*Elkins & Gemmette, James A. Elkins, Jr.,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.