## 57474. FLEMING v. THE STATE.

BANKE, Judge.

The defendant was convicted of armed robbery and acquitted of aggravated assault in the same trial. *Held:*

1. In his first enumeration of error the defendant contends the evidence was insufficient to support the verdict. Defendant offers case authority supporting the proposition that mere presence at the scene of the crime is not sufficient for conviction. *Holland v. State,* 146 Ga. App. 876 (247 SE2d 520) (1978); *Johnson v. State,* 126 Ga. App. 277 (190 SE2d 594) (1972). We agree; and this court has often held that mere presence even coupled with flight from authority, without more, is not sufficient for

conviction. Also see *Denham v. State,* 144 Ga. App. 373 (241 SE2d 295) (1977). However, in this case the state sustained its burden in proving that the defendant, while not present in the bank at the time of the robbery, participated as a party or co-conspirator in the crime as the driver of the getaway car. The evidence supporting his role, both direct and circumstantial, was quite adequate to support his conviction.

2. The second enumeration of error involves language used in the trial court's pre-trial charge as follows: "Now in a criminal case it is necessary that you find these defendants guilty beyond a reasonable doubt, *but sometimes that term is somewhat overused."* (Emphasis supplied.) Immediately following the quoted portion, the trial court proceeded to give a thorough and flawless instruction to the jurors on burden of proof and the meaning of reasonable doubt, which he repeated in his final charge. There is no reasonable probability that the words in question lessened the proper standard or had an adverse effect on the outcome of the trial. The jury's verdict which included acquittal of aggravated assault is some indicia of their understanding and application of the charge.

3. The third enumeration of error involves the defense attorney's final argument to the jury, wherein he suggested that the jurors would not want their relatives convicted on the quality of evidence they had heard in the case. The trial judge did not abuse his discretion in instructing the jury to disregard these remarks. Code Ann. § 81-1009; *Collins v. State,* 86 Ga. App. 157 (71 SE2d 99) (1952). This enumeration of error is without merit.

4. The last enumeration of error attacks the trial judge's charge with regard to aggravated assault. The defendant's acquittal as to this offense renders any error harmless if, indeed, it was error.

*Judgment affirmed. Shulman and Underwood, JJ., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED APRIL 9, 1979 —
REHEARING DENIED MAY 3, 1979 — ▬▬▬▬▬

*Harry F. Thompson, Hugh Q. Wallace,* for appellant.
*Joseph H. Briley, District Attorney, J. Reginald Poss, Assistant District Attorney,* for appellee.