## 66268. McKINNEY v. THE STATE.

DEEN, Presiding Judge.

Appellant received a six-year prison sentence following conviction on a charge of aggravated assault stemming from his shooting of a neighbor and drinking companion. He moved for a new trial on the general grounds, and after the denial of the motion, he brought this appeal on the same grounds. *Held:*

Appellant and his victim had been acquainted for several years prior to the shooting incident which is the subject of this appeal. Although they socialized fairly regularly, bad feeling apparently had existed for some time. On the day preceding the shooting, the victim had allegedly told the appellant that he planned to "cut" the latter at some unspecified future time. When the victim went to appellant's front door on the day of the shooting and announced that he "want[ed] to talk to [him]," the appellant declined to converse. Either immediately or a few minutes thereafter, depending on whose testimony at the bench trial was more nearly correct, appellant pointed a gun at the victim and shot him through the locked screen door, wounding him in the armpit. He was hospitalized for approximately three weeks, during which time a rib and part of a lung were removed. The victim testified that he had been unarmed when he went up to the door, and appellant admitted at trial that he had seen no weapons but had shot because he was "afraid." Neighbors who witnessed the incident testified that it had occurred essentially as the principals recounted it.

OCGA § 16-5-21 (Code Ann. § 26-1302) provides that "A person commits the offense of aggravated assault when he assaults. . . (2) With a deadly weapon." " 'Aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon.' " *Hurt v. State,* 158 Ga. App. 722, 723 (282 SE2d 192) (1981);

*Scott v. State,* 141 Ga. App. 848, 849 (234 SE2d 685) (1977). The record discloses no conflict in the evidence that appellant did indeed commit the offense as charged. As a reasonable trier of fact, the trial court was authorized to find the appellant guilty beyond a reasonable doubt of the crime with which he was charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980). Appellant's enumeration of the general grounds is without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1983.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Jerry Baxter, Assistant District Attorneys,* for appellee.