70198. WELDON v. THE STATE.
(333 SE2d 23)

BENHAM, Judge.

Appellant was convicted of rape and two counts of aggravated assault. He now questions the sufficiency of the evidence presented against him and claims that his character was improperly injected into the trial.

1. The male victim identified appellant as the man who pointed a gun at him, placing him in fear of immediately receiving a violent injury. The female victim stated that appellant was also one of two men who forcibly removed her from her vehicle, hit her on the head with the gun, and had sexual intercourse with her against her will. A police officer testified that each of the victims had selected appellant's picture from a photographic spread, and a fingerprint lifted from the car in which the victims testified their assailants were riding matched

that of appellant. Our review of the record convinces us that there was sufficient evidence for a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKinney v. State*, 166 Ga. App. 718 (305 SE2d 446) (1983).

"Appellant points out that OCGA § 5-5-21 authorizes a trial court to grant a new trial where the verdict may be against the weight of the evidence. 'This, however, must be addressed to the trial judge . . . The law gives to him alone the authority to grant a new trial for such a reason. This court has no such power.' [Cit.]" *Wright v. State*, 173 Ga. App. 408 (326 SE2d 584) (1985).

2. An identification specialist testified that he lifted a thumb print from the automobile driven by the assailants and "pulled [appellant's] record — and, I mean, pulled his fingerprint card" and checked the prints. Appellant maintains that the reference to his "record" impermissibly placed his character in issue. We find no merit in this enumeration. In *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977), the Supreme Court held that reference to a defendant's record did not place the defendant's character in issue. Indeed, in the case at bar, reference was being made to a set of fingerprints taken from appellant, not a criminal record. The fact that a copy of one's fingerprints is on record is not indicative of prior criminal activity and it alone does not introduce the issue of a defendant's character into issue. See, e.g., OCGA §§ 3-3-2 (c); 16-11-129 (c); 43-38-7 (d); 49-5-62.

*Judgment affirmed. Banke, C. J., and McMurray P. J., concur.*

DECIDED JUNE 19, 1985.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney*, for appellee.