### 75904. LEE v. THE STATE.
(368 SE2d 804)

SOGNIER, Judge.

Appellant was convicted of eight counts of child molestation, involving three different children, and he appeals.

1. Appellant contends the trial court erred by denying his motion for a mistrial after the State improperly put appellant's character in issue. This issue arose when one of the victims, an eleven-year-old boy, was asked by the prosecuting attorney on direct examination when the victim moved away from Benjamin Street. The witness answered: "When my daddy [appellant] got put in jail." Appellant moved immediately for a mistrial, and the motion was overruled. The court declined to give any curative instructions at the time, in order to allow the State an opportunity to show that appellant was in jail on these charges, and was not in jail on any other charges. The court also noted that it was apparent the State had not sought to elicit the response, and was without fault as to what occurred. Subsequently, the State established that appellant was arrested and put in jail on these charges on July 14, 1986, while living on Benjamin Street, where he had lived with his children for several months prior to his arrest. Appellant renewed his motion for a mistrial on the ground that the State had not presented evidence negating an inference that appellant was in jail on other charges. The motion was denied, and the court charged the jury, in pertinent part: "Now, the State concedes and the Court recognizes that there is no evidence in this case whatsoever that the defendant was ever in jail other than as a result of being arrested for the particular offenses involved in and named in this indictment. You will not consider his being in jail as referring to anything other than his being in jail as a result of an arrest made for the particular offenses listed in this indictment and you will not consider that evidence that the defendant has been in jail as in any way hurtful to the defendant in this case." Appellant's objection to the charge was overruled, and his renewed motion for a mistrial was denied.

The offenses in this case were alleged to have occurred during the period from September 1, 1985, to July 7, 1986. After the last incident on July 7th, the female victim told her mother what appellant had done to her. The mother then reported the incidents to local authorities, and after they interviewed the three victims, appellant was arrested and put in jail on July 14, 1986. The arresting officer testified that until appellant was arrested and jailed he had been living with

his children on Benjamin Street for several months. Two of the victims testified they moved away from Benjamin Street when appellant was put in jail. Since the incidents occurred while the victims were living on Benjamin Street, the only inference to be drawn from the evidence is that appellant was in jail as a result of the offenses charged in *this* case, and not for some other reason.

Granting or denying a motion for mistrial is a matter largely within the discretion of the trial judge, and such discretion will not be interfered with unless it is apparent that a mistrial is essential to preserving the right to a fair trial. *Ladson v. State*, 248 Ga. 470, 478 (12) (285 SE2d 508) (1981); *Eaton v. State*, 184 Ga. App. 645, 647 (2) (362 SE2d 375) (1987). Under the circumstances of this case, we find no abuse of the trial court's discretion. It is clear that the answer of the young victim was not responsive to the question asked, but was an attempt by the witness to relate the time of his move from Benjamin Street to a particular event. Further, there was absolutely no evidence that appellant was in jail for any reason other than as a result of the charges in this case. The jury was instructed that the fact appellant was in jail could not be used in any way "hurtful" to him, which we interpret as meaning that such evidence could not be used against him. Accordingly, we find no error in denial of appellant's motion for a mistrial.

2. Appellant also moved for a mistrial on the ground that the charge quoted in Division 1 was an expression of opinion on the evidence by the court, and thus, violated OCGA § 17-8-57. This enumeration of error is without merit.

The court's instruction was not an expression of opinion by the court, but was a statement of facts in evidence, namely, that appellant was in jail for the offenses charged, and that there was no evidence whatsoever that he was *ever* in jail for any other reason. Thus, appellant's enumeration of error is not supported by the transcript, and this court cannot consider factual representations in a brief which are not supported by the record. *McCutchen v. State*, 177 Ga. App. 719, 722 (3) (341 SE2d 260) (1986).

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

This case involves several counts of child molestation. Appellant was convicted of eight counts, the facts demonstrating a type of planned, protracted pattern or program of forced group sexual activity or a wild mass orgy, combinations of male child and adult woman, and himself and female child, affecting and involving the lives of three different children. In such criminal cases of physical and mental sexual abuse or molestation, as in this case, exposition of the lurid

facts, when reasonably necessary for a proper view in determination of an appeal, is the proper business of this court. Compare *Howell v. State*, 172 Ga. App. 805 (324 SE2d 754) (1984), where the pushing of drugs, procurement of pornographic promiscuity, and a type of pedophile profile of Pied Piper rounding up of little children for sexual abuse was involved. Also see *Kornegay v. State*, 174 Ga. App. 279 (329 SE2d 601) (1985), a whole court case, in which the inflammatory racial remarks had to be spelled out in the opinion for a clear understanding of what actually transpired during the trial in the court below. By including at least a minimum of facts in our important reported cases such as this we provide some type of strength and future guidance, keeping in mind a former Chief Justice's lament that "most of our [obscenity] decisions . . . have been given without opinion and have thus failed to furnish . . . guidance." *Jacobellis v. Ohio*, 378 U. S. 184, 200 (84 SC 1676, 12 LE2d 793) (1964).

DECIDED APRIL 15, 1988.

*Larry B. Mims*, for appellant.
*David E. Perry, District Attorney*, for appellee.