A96A1408. NELSON v. THE STATE.
(474 SE2d 304)

Judge Harold R. Banke.

A Muscogee County grand jury indicted Bobby Lee Nelson on charges of aggravated assault (OCGA § 16-5-21 (a) (1)), burglary (OCGA § 16-7-1), and attempted rape (OCGA §§ 16-6-1; 16-4-1). A trial jury convicted him of aggravated assault and criminal trespass (OCGA § 16-7-21) as a lesser included offense of burglary, but acquitted him of attempted rape. He appeals from the trial court's judgment sentencing him to seven years in prison and four on probation. *Held*:

1. In two enumerations of error, Nelson attacks on the general grounds his conviction for aggravated assault. In testing its sufficiency, the evidence is viewed with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

The indictment for this charge accused Nelson of committing aggravated assault by assaulting the victim "with a knife and [by] plac[ing] a pillow over her head with intent to rape." The victim testified she was asleep in her bed in the dark when a man wearing nothing but tennis shoes climbed on top of her, told her to be quiet, put a pillow on her head, and tried to smother her. She escaped the man's grasp, grabbed her pistol, and shot him. When she turned on the lights, the defendant lay naked and bleeding on the floor. Police later found on her bed a knife, which the victim said she had last seen in her kitchen sink. Both she and the officers denied placing the knife on the bed, and the defendant gave no alternative explanation for its presence there. She testified the defendant tried to kill her and rape her.

These facts give rise to inferences that Nelson, with intent to rape, used the pillow in an offensive manner intended to injure the victim seriously and that he used the knife in his attack on her. The State had to prove only one of these two acts constituting the crime of

aggravated assault to sustain the conviction. *Lubiano v. State*, 192 Ga. App. 272, 274 (1) (384 SE2d 410) (1989). To the extent Nelson argues that the jury's acquittal on the charge of attempted rape prevents a conviction on the charge of aggravated assault with intent to rape, his argument has no merit. Under the facts of this case, the two are not inconsistent. Even if they were, the inconsistent verdict rule was abolished by *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

2. In his third enumeration of error, Nelson argues the trial court should have dismissed the entire jury panel during voir dire after a prospective juror injected Nelson's character into the case. Defense counsel asked if anyone had "ever seen Bobby Nelson, worked with him, or anything like that at all." This prospective juror, a former state prison guard, responded: "The defendant looks familiar to me. . . . If he's ever served time before in a state prison, I believe I've seen him before. I'm not sure."

The trial court did not abuse its discretion in refusing to strike the panel, as this potentially disparaging remark was not "so inherently prejudicial as to deny defendant a fair trial." *Hughey v. State*, 180 Ga. App. 375, 378 (2) (348 SE2d 901) (1986). The prospective juror did not say he had seen Nelson in prison; rather, he merely wondered aloud if he had known him there. See also *Sexton v. State*, 189 Ga. App. 331, 332 (2) (375 SE2d 661) (1988) (prospective juror said she thought defendant looked like a drunk driver who had caused an accident she once witnessed).

3. In his fourth enumeration, Nelson addresses the trial court's failure to declare a mistrial after a juror neglected to reveal on voir dire that he was a cousin by marriage to an assistant district attorney not involved in the prosecution. After he realized his mistake, the juror called his relative to ask whether he should inform the court. When the trial court questioned the juror about the mistake, he said he had forgotten about the relationship, denied discussing the case with the prosecutor, and assured the court he could be fair and impartial.

The trial court did not abuse its discretion in refusing to grant a mistrial. "[Not] every incorrect answer given on voir dire calls inexorably for a new trial; the question of bias and resultant prejudice remains to be determined. [Cit.] (Cits.) If the answer was given in good faith with no deliberate intent to mislead, the trial court may well find that no prejudice resulted, even though the lack of disclosure might have impaired defendant's right to exercise a knowledgeable peremptory challenge. (Cits.)" (Citation and punctuation omitted.) *Jones v. State*, 247 Ga. 268, 270 (2) (b) (275 SE2d 67) (1981).

4. Nelson's final ground on appeal claims error in the trial court's charge on aggravated assault. This claim, based on the allegation

that the State did not prove aggravated assault as charged in the indictment, fails for the reasons discussed in Division 1 of our opinion.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 7, 1996.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.,* for appellant.
*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney,* for appellee.