A02A1155. MOTON v. THE STATE.
(569 SE2d 264)

MIKELL, Judge.

A DeKalb County jury found Raymond Moton guilty of theft by receiving stolen property and possession of tools for the commission of a crime. He claims on appeal that the evidence was insufficient to prove his guilt beyond a reasonable doubt. He also claims that, because a member of his jury was not a United States citizen, the trial court erred in denying his motion for a new trial. We affirm for the reasons set forth below.

1. On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the record shows that Amy Seibert parked her father's GMC truck outside a condominium. When she returned 30 minutes later, the truck was gone. She called police and reported the truck stolen. Around 3:00 a.m., police officer Jerry King saw two vehicles, a car and a truck, back out of the Briarcrest Town Homes parking lot without their lights on. The vehicles passed the officer's patrol car, and King was able to observe the drivers. The officer followed the vehicles and decided to continue following the truck when it pulled into an apartment complex parking lot. As Officer King approached the truck, he discovered that it was empty, with the driver's side door open, and he heard someone running away. The truck's steering column was damaged. Police subsequently confirmed that the truck was the GMC truck previously reported stolen by Seibert.

Officer King called for backup and gave the other officers a description of the driver. After policemen found Moton nearby and detained him, they brought him to King, who confirmed that Moton was the person he had seen driving the truck. Police searched Moton and found a screwdriver, a pair of gloves, and a bottle of cologne. The bottle matched the description of one which had been in the stolen truck, according to Seibert.

We conclude that the evidence recounted above was sufficient for a rational trier of fact to find Moton guilty beyond a reasonable doubt

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

of theft by receiving stolen property and possession of tools for the commission of a crime.[2]

2. Moton also claims that the trial court erred in denying his motion for a new trial because a member of the jury, Susan Tomlinson, was not a United States citizen. This was discovered by the parties only when an acquaintance of Tomlinson's estranged husband told the district attorney's office after the trial.

Moton claims that a new trial was required because his jury did not comply with OCGA § 15-12-40.1, which provides that "no person shall be qualified to serve as a juror under this article unless that person is a citizen of the United States." But a challenge propter defectum[3] must be discovered and made before trial.[4] "A juror incompetent propter defectum is made specially competent by the act of the parties in allowing him to serve without challenge, and a verdict will not be set aside for such cause."[5] Moton cannot show that he asked Tomlinson about her citizenship during voir dire, or that he objected to her serving on the jury. In these circumstances, Moton is not entitled to a new trial because a juror did not qualify under OCGA § 15-12-40.1.

Moton also argues that he is entitled to a new trial because Tomlinson failed to respond correctly to a question about her citizenship on her juror questionnaire. "In order for a defendant to secure a new trial because a juror did not give a correct response to a question posed on voir dire (or, as here, a juror questionnaire), the defendant must show that the juror failed to answer the question truthfully and that a correct response would have been a valid basis for a challenge for cause."[6] Moton presented no evidence that his trial counsel asked Tomlinson about her citizenship during voir dire, which was not transcribed. He did show, through the testimony of the jury coordinator, that jurors were asked to fill out a questionnaire, which included a question about the prospective juror's citizenship. Moton also showed that, as a matter of routine, a court clerk would ask prospective jurors as a group, "Is anyone not a U. S. Citizen?" However, Tomlinson's questionnaire could not be produced because the questionnaires were periodically destroyed; Tomlinson does not recall answering a question about her citizenship; and Moton could not pro-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Manous v. State*, 205 Ga. App. 804-805 (1) (423 SE2d 721) (1992).

[3] Black's Law Dictionary (7th ed. 1999), p. 223, defines "challenge propter defectum" as "[a] challenge based on a claim that the juror is incompetent to serve on any jury for reasons such as alienage, infancy, or non-residency."

[4] See *Henderson v. Fox*, 83 Ga. 233, 245 (9 SE 839) (1889).

[5] (Citations and punctuation omitted.) *Vaughn v. State*, 173 Ga. App. 716, 718 (4) (327 SE2d 747) (1985).

[6] (Citations omitted.) *Sears v. State*, 270 Ga. 834, 840 (2) (514 SE2d 426) (1999).

duce any witness that could confirm that Tomlinson's group of jurors were actually asked about their citizenship. Based on the evidence presented at the hearing on motion for a new trial, the court concluded that Moton had not shown that Tomlinson failed to answer truthfully a question about her citizenship. We find no basis to overturn the trial court's findings.

Moton's final argument is that Tomlinson's participation on his jury panel violated his right to be tried by a jury of his peers.[7] He argues that jury service demands loyalty to this country, and that aliens are less likely to be qualified than citizens from the standpoint of familiarity with local laws, custom, and language so as to understand the motives and actions of the litigants. Moton has drawn from arguments made by a number of courts in refuting defendants' claims that a jury pool *excluding* resident aliens denied their right to a jury of their peers.[8] But even if aliens can be excluded from a jury, it does not necessarily follow that an alien's participation on a jury deprives a defendant of due process. Tomlinson testified in Moton's hearing on motion for a new trial that, although she was from Jamaica, English was her primary language, she understood what was happening at the trial, and she applied the law as instructed by the trial court. Thus, Moton cannot show that Tomlinson's participation on his jury deprived him of any of his constitutional rights.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 18, 2002.

*Laila A. Washington*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Andrette Watson, Assistant District Attorneys*, for appellee.

---

[7] See *Strauder v. West Virginia*, 100 U. S. 303, 308 (25 LE 664) (1879).

[8] See *United States v. Gordon-Nikkar*, 518 F2d 972, 976-977 (5th Cir. 1975); *State v. Thigpen*, 35 Conn. Supp. 98, 99-100 (397 A2d 912) (1978).