A03A2439. BENNETT v. THE STATE.
A03A2440. JACOBS v. THE STATE.
(597 SE2d 565)

MILLER, Judge.

Justin Bennett and Jalani Jacobs were tried jointly before a jury and were both convicted on one count of armed robbery arising out of the robbery of a furniture store. Bennett appeals, claiming that the court erred in not severing the trials, in admitting his confession, and in denying his motion for new trial based on ineffective assistance of counsel. Jacobs also appeals, arguing that Bennett's out-of-court confession implicated Jacobs and that its admission (with no in-court testimony from Bennett) therefore violated his Sixth Amendment right to confront witnesses. We hold that Bennett waived the severance argument and that evidence supported the court's decisions to admit his confession and to find he did not carry his burden of showing ineffective assistance. Therefore, his conviction is affirmed. With regard to Jacobs, we hold that admitting Bennett's confession in this joint trial with no cross-examination available to Jacobs infringed Jacobs's constitutional right to confront witnesses; nevertheless, we hold the error was harmless and therefore affirm his conviction also.

Construed in favor of the verdict, the evidence showed that a man wearing a red bandanna entered a furniture store, pointing a gun at a store employee behind the counter and making no statements. When the employee backed away, the gunman reached behind the sales counter, took the store's cashbox, and exited the store. The employee witnessed the gunman enter a small, dark car waiting just outside the entrance that was being driven by a second man. As the employee cried for help, other store employees came to the front of the store and witnessed the two men drive off. Several employees jumped into two cars and chased the fleeing vehicle, which one employee recognized as belonging to Bennett (whom the store had formerly employed).

The employees in the two pursuing vehicles momentarily lost sight of Bennett's car but within seconds spotted the car in a nearby parking lot with Bennett and Jacobs standing next to the car. Upon seeing the pursuing vehicles, Bennett and Jacobs jumped back into the car (Bennett as passenger, Jacobs as driver) and raced away. The two pursuing vehicles gave chase until Bennett's car slowed (allowing Bennett to exit), made a U-turn, and passed by the two pursuing vehicles, with one employee seeing driver Jacobs's face clearly as Jacobs swore at the employee. One pursuing vehicle parked and its occupants, now joined by police, chased after Bennett on foot. Police apprehended Bennett after he ran across the freeway. The other

pursuing vehicle continued to follow Jacobs as he drove Bennett's car until police pulled the car over and arrested Jacobs.

After receiving *Miranda* warnings and being told that his "partner" had just been apprehended nearby, Bennett admitted that there were only two of them and that they had just robbed a furniture store where Bennett had recently worked, but emphasized that he had been the driver (the car belonging to him) and that the other man had been the gunman and had tossed the gun into some bushes. Jacobs, on the other hand, told police that he knew nothing of any robbery but that he did reside with and know Bennett. Police found $744 on Bennett's person and discovered the empty cash box in the parking lot where the two men had both stood outside the getaway car. Both men were indicted on one count of armed robbery.

Jacobs moved to sever his trial from Bennett's, claiming that in a joint trial the admission of Bennett's confession would inculpate Jacobs but would prevent him from cross-examining Bennett, which would violate Jacobs's Sixth Amendment rights. Bennett did not join in the severance motion. The court declined to sever the trials. Bennett did move to exclude his confession as an involuntary statement, but the court found the confession was voluntary and admissible. At trial Bennett's and Jacobs's statements to police were admitted, although with cautionary jury instructions that the statements were only to be used against the defendant making the statement. The jury found both men guilty of armed robbery. Bennett appeals in Case No. A03A2439, and Jacobs appeals in Case No. A03A2440.

### Case No. A03A2439

1. In his appeal, Bennett first contends that the trial court erred in not severing the trials. Bennett, however, did not join in Jacobs's motion to sever. There is no authority requiring a court to sever the trial of a defendant who has made no motion to sever nor joined in a co-defendant's motion. *Way v. State*, 239 Ga. 316 (2) (236 SE2d 655) (1977). Since "[i]t is too late after an adverse verdict to raise the issue for the first time," an "appellant will not be heard to complain of the trial court's denial of a co-defendant's motion to sever." (Citation omitted.) Id. at 316-317 (2); see *Morgan v. State*, 255 Ga. App. 58, 60 (2) (564 SE2d 467) (2002).

Moreover, even if Bennett had properly preserved this argument for review, the failure to sever the trials was harmless error. The only additional evidence that was admitted against Bennett as a result of Bennett being tried jointly with Jacobs was Jacobs's statement to police that did not implicate Bennett but only confirmed that Jacobs and Bennett resided together. In light of Bennett's confession that he

and Jacobs had just committed the robbery of Bennett's former work place, Jacobs's statement would have had little impact on Bennett's conviction. Similarly, the argument of Jacobs's counsel that Bennett was the gunman was not evidence and was of little relevance since Bennett had confessed to being involved in the robbery at a minimum as the getaway driver. As a party to the crime, Bennett would still be guilty of the crime. OCGA § 16-2-20; see *Fleming v. State*, 149 Ga. App. 781-782 (1) (256 SE2d 56) (1979). Since Bennett can show no prejudice from the court's failure to sever the trials, this enumeration must fail. See *Morgan*, supra, 255 Ga. App. at 60-61 (2).

2. Bennett claims the court erred in admitting his statement to police. He argues that the confession was involuntary in that police withheld water from him until he began confessing.

"The findings of a trial court as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous." (Citation and punctuation omitted.) *Wiley v. State*, 245 Ga. App. 580, 582 (3) (538 SE2d 483) (2000). The evidence here showed that the officer interviewing Bennett at the site was quite concerned about Bennett's thirst and that the officer actually gave Bennett a bottle of water (provided by a local business) to quench that thirst. The officer also made sure Bennett received immediate medical attention before Bennett confessed. The officer testified that Bennett received his *Miranda* warnings and was offered no benefit to make a statement nor he threatened in any way. Based on the officer's testimony, the fact that the water arrived just as Bennett began making incriminatory statements was a matter of logistics, not tactics. Inasmuch as the court had evidence on which to base a finding that the statement was voluntary, the trial court did not err in admitting the statement. Cf. *Cannon v. State*, 257 Ga. 475, 477-478 (2) (360 SE2d 592) (1987) (medical attention was given after defendant confessed; evidence nevertheless supported finding that confession was voluntary and admissible).

3. Bennett claims that he received ineffective assistance of counsel in that his counsel failed to move to sever the trials or to object to statements of Jacobs's counsel (in opening statement and closing argument) that Bennett was the gunman. To prove ineffective assistance, Bennett was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's factual determinations with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

Here evidence supported the trial court's finding that Bennett did not meet his burden of showing deficient performance by his trial

counsel. Bennett's trial counsel testified at the motion for new trial hearing that he did not join in the motion to sever because he did not perceive that Bennett would be prejudiced from a joint trial. As we held in Division 1 above, that perception was quite accurate. Bennett's counsel also testified that he did not object to the arguments of Jacobs's counsel that Bennett was the gunman because such arguments were not evidence, once again an accurate appraisal. See *Hazelrigs v. State*, 255 Ga. App. 784, 785 (1) (567 SE2d 79) (2002). Some evidence supported the inference that Bennett — a former employee of the store — was the gunman (the gunman jumped in the car as a passenger and Jacobs was later seen driving the car with Bennett as the passenger; the height of the gunman was much less than Jacobs's height; and the gunman knew the location of the cashbox). Accordingly, Bennett's counsel could not have raised a valid objection to the arguments of Jacobs's counsel. The failure to pursue a futile objection does not amount to ineffective assistance. *King v. State*, 259 Ga. App. 589, 591 (2) (578 SE2d 176) (2003).

We discern no clear error in the trial court's determination that Bennett did not carry his burden of showing ineffective assistance. Since (as discussed above) Bennett's other enumerations are also without merit, we affirm his conviction.

## Case No. A03A2440

4. Jacobs contends that the court erred in admitting Bennett's out-of-court statement, which inculpated Jacobs, since Bennett did not testify at the joint trial. We agree that admitting this evidence violated Jacobs's Sixth Amendment rights as explained in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). Under the *Bruton* rationale, simply removing the name of the co-defendant and inserting a blank is not sufficient to avoid a *Bruton* violation. The present case is even more compelling because nothing was redacted with reference to Jacobs. We nevertheless find that this constitutional error was harmless.

(a) In *Bruton*, supra, the United States Supreme Court determined that a defendant's constitutional right of confrontation is violated when: "(a) co-defendants are tried jointly; (b) one co-defendant's statement is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement." (Footnote omitted.) *Boone v. State*, 250 Ga. App. 133, 135-136 (2) (549 SE2d 713) (2001); see *Bruton*, supra, 391 U. S. at 127-128. Juror instructions that the implicating statement can only be used against the co-defendant making the statement are ineffectual, since "the

risk is so great the jury will ignore the limiting instruction and consider the co-defendant's confession against the defendant. . . ." (Footnote omitted.) *Moss v. State*, 275 Ga. 96, 98 (2) (561 SE2d 382) (2002); see *Richardson v. Marsh*, 481 U. S. 200, 207 (II) (107 SC 1702, 95 LE2d 176) (1987); *Bruton*, supra, 391 U. S. at 135-136.

Conceding that the first and third criteria for a *Bruton* violation are met here, the State argues that the second criterion was not met in that Bennett's statement did not implicate Jacobs. *Moss*, supra, held "that *Bruton* only excludes statements by a non-testifying co-defendant that directly inculpate the defendant, and that *Bruton* is not violated if a co-defendant's statement does not incriminate the defendant on its face and only becomes incriminating when linked with other evidence introduced at trial." (Footnote omitted.) 275 Ga. at 98 (2). The State contends that since Bennett did not name Jacobs in his confession, Bennett's statements did not directly inculpate Jacobs.

Bennett stated in his confession that (i) only Bennett and one other person were involved in the robbery of Bennett's former employer that had just occurred, (ii) Bennett was the driver and the passenger in the car with him (just apprehended up the street in Bennett's car) was the gunman in the robbery, and (iii) this second man threw the gun out of the vehicle into some bushes. Even though Bennett did not name Jacobs as the second man, since Jacobs was the only co-defendant, a jury would readily infer that the man was Jacobs. See *McDonald v. State*, 210 Ga. App. 689, 690-691 (2) (436 SE2d 811) (1993). Only where the confession is redacted to eliminate not only the defendant's name but any reference to the defendant's existence would the confession not violate *Bruton*. *Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731) (1998); see *Richardson*, supra, 481 U. S. at 211 (II). Here Bennett's confession repeatedly refers to Jacobs's existence and his alleged inculpatory actions, and the absence of Jacobs's actual name does not sanitize the statement.

(b) The question then becomes whether the error was harmless in light of the evidence against Jacobs. "To be harmless, a *Bruton* error must be harmless beyond a reasonable doubt." (Citation, punctuation and footnote omitted.) *Goins v. State*, 259 Ga. App. 739, 741 (2) (578 SE2d 308) (2003). If the evidence of guilt (excluding the statement of the co-defendant) is overwhelming, then any violation of *Bruton* is harmless beyond a reasonable doubt and the conviction must stand. Id. Similarly, any error in failing to grant a motion to sever (which was based on *Bruton* grounds) is also harmless and does not result in a reversal. *Mathis v. State*, 231 Ga. 401, 403 (2) (202 SE2d 73) (1973).

Here evidence showed that Jacobs was driving the getaway car in an armed robbery of a furniture store and had parked the car just

outside the store's entrance in such a way as to allow a quick getaway. Jacobs effected such a getaway once the gunman (sporting a red bandanna) returned to the car with the store's cashbox. Jacobs and the other man were chased to a parking lot where the pursuers saw them standing outside the same car and where police later found the empty cash box. Jacobs and his compatriot jumped back inside the car and fled for some distance until Jacobs slowed the car sufficiently so his compatriot could exit and run away. A pursuer (who identified Jacobs at trial) saw Jacobs's face as Jacobs drove by and then followed Jacobs until police apprehended him. A red bandanna was found in the vehicle. Jacobs admitted that he knew and resided with the compatriot, on whom $744 was found.

In light of the overwhelming evidence against Jacobs, we hold that the *Bruton* error was harmless. For these same reasons, Jacobs's challenge to the sufficiency of the evidence (see OCGA §§ 16-8-41 (a) and 16-2-20; *Fleming*, supra, 149 Ga. App. at 781-782 (1)) and his complaint that the trial court abused its discretion in refusing to sever the trials due to the potential *Bruton* problem (see *Mathis*, supra, 231 Ga. at 403 (2)) are also without merit.

5. Jacobs's remaining enumeration of error is that the court erred in denying his motion to strike the entire jury panel. One potential juror stated during voir dire that he worked as a deputy sheriff at the local jail and had had contact with Jacobs and Bennett there when the two had been in his units. He was removed for cause. Nothing more came of the matter until near the end of voir dire, when one potential juror (later dismissed for cause) said he interpreted the deputy's comment to possibly mean the defendants had been repeat offenders. Jacobs moved to strike the entire jury panel as tainted. The court denied the motion, finding that the earlier comment from the deputy was innocuous since the defendants would have obviously been in that jail in connection with this crime and no evidence indicated they were repeat offenders.

We review a court's denial of a motion to strike the panel under an abuse of discretion standard. See *Hughey v. State*, 180 Ga. App. 375, 377 (2) (348 SE2d 901) (1986). "The test to be applied is whether the remarks were inherently prejudicial and deprived defendant of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion." (Punctuation and footnote omitted.) *Hash v. State*, 248 Ga. App. 456, 458 (2) (546 SE2d 833) (2001). In *Hash* a potential juror stated that she was unsure whether the defendant, who seemed familiar, had repeatedly been admitted to her employer's hospital for substance abuse. Id. *Hash* held that "[g]iven the uncertain nature of the prospective juror's statements at issue, we find that they were not inherently prejudicial." (Footnote omitted.) Id. at 459 (2); see *Nelson v. State*, 222 Ga. App. 443, 444 (2) (474

SE2d 304) (1996). "[G]ossamer possibilities of prejudice" do not show inherent prejudice. (Citation and punctuation omitted.) *Sharpe v. State*, 272 Ga. 684, 688 (5) (531 SE2d 84) (2000).

Similarly, in *Hughey*, supra, 180 Ga. App. at 377 (2), a potential juror stated that the juror had arrested the defendant. Since the arrest could have been as innocuous as a speeding ticket, *Hughey* held that the remark was not inherently prejudicial and affirmed the conviction. Id. at 378 (2); see *Yarber v. State*, 159 Ga. App. 392-393 (283 SE2d 620) (1981) (ambiguous remark that potential juror knew accused at "Alto" may have referred to the town as opposed to the jail or may have referred to the accused working at the jail; no inherent prejudice).

Specifically, we have applied this principle to find no inherent prejudice when the comment is that the accused was in jail and there is no evidence that the accused was in jail for any reason other than as a result of the charges in the case at issue. See *Lee v. State*, 186 Ga. App. 849, 850 (1) (368 SE2d 804) (1988). That is precisely the case we have here. No evidence showed that Jacobs's time in jail was other than in connection with the armed robbery charge here, and the trial court specifically found that the deputy's remark did not impute any other crime. Accordingly, we hold that the trial court did not abuse its discretion in denying the motion to strike the venire.

*Judgment in both cases affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 24, 2004 — 

*Richard O. Allen*, for appellant (case no. A03A2439).

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant (case no. A03A2440).

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.