## A04A1694. DUNBAR v. THE STATE.
### (610 SE2d 702)

RUFFIN, Chief Judge.

A jury found Jerry Dunbar guilty of armed robbery, kidnapping, aggravated assault, and possessing a firearm during the commission of a crime. On appeal, Dunbar contends that he is entitled to a new trial based upon a juror's failure to reveal her prior service as a grand juror in another case against Dunbar. He also asserts that the trial court committed reversible error in admitting the redacted statement of one of his co-defendants. For reasons that follow, we find these enumerations of error lack merit, and we affirm.

1. During jury selection, jurors were asked if they knew "Dunbar or any of his family." No juror responded affirmatively to the question, and Djaras Washington ultimately was selected as a member of the jury. However, at the hearing on his motion for new trial, Dunbar noted that Washington had previously served on a grand jury that had indicted him for an unrelated armed robbery.

According to Dunbar, Washington's failure to reveal her previous grand jury service requires that he be granted a new trial. We disagree. " 'In order for a defendant to secure a new trial because a juror did not give a correct response to a question posed on voir dire[,] . . . the defendant must show that the juror failed to answer the question truthfully and that a correct response would have been a valid basis for a challenge for cause.' "[1] "A juror's truthfulness is evaluated with due regard for the juror's understanding of the questions and for the juror's understanding of his or her own responses."[2]

Here, Washington was not asked whether she had previously served on a grand jury involving Dunbar; she was asked if she *knew* him. Assuming, for the sake of argument, that Washington recognized Dunbar's name from her prior grand jury service, we cannot say that she was not being truthful in her response.

Moreover, Dunbar did not call Washington to testify at the motion for new trial hearing. Thus, he was unable to explore either Washington's comprehension of the voir dire question or her recollection of his name from her prior grand jury service. Under these circumstances, Dunbar failed to show that he was entitled to a new trial on this basis.[3] It follows that this allegation of error presents no grounds for reversal.[4]

---

[1] *Moton v. State*, 256 Ga. App. 594, 595 (2) (569 SE2d 264) (2002).

[2] *Lucas v. State*, 274 Ga. 640, 647 (11) (555 SE2d 440) (2001).

[3] Cf. *Branton v. State*, 258 Ga. App. 221, 223-224 (2) (573 SE2d 475) (2002) (failure to call crucial witness to hearing on motion for new trial fatal to claim).

[4] See *Moton*, supra at 595-596.

2. Dunbar was tried jointly with two co-defendants, Derrick Burnett and Theron Hankerson. At trial, the State tendered a statement given by Hankerson. Originally, Hankerson's statement implicated Dunbar. However, the statement was redacted prior to its introduction. The interviewing police officer testified that Hankerson told him that:

> on the day of the robbery, he had been at the residence of Donald Hopkins in Burke County. There were several people there, including Donald Hopkins, Antonio Hopkins, and Peter Hopkins. They were sitting around smoking dope and the subject of robbing the liquor store came up. It was decided that he would be involved in the robbery. Donald's purple car was used. He borrowed a gun, a blue revolver, from Donald. Upon first arriving at the store, he stayed outside, got scared, and drove off. He came back a few minutes later. He then went into the store. There were two people in the store that were made to get on the floor. The money was gotten from behind the counter, the phone was torn from the wall, and a radio was gotten from off the counter [sic]. He did not recall speaking while in the store. Upon leaving the store, he went straight back to Donald Hopkins' residence in Burke County. The money was split between several people. He stated that he understood there to be approximately $1,200.00 taken from the store. He received approximately $350.00 mostly in ones.

On appeal, Dunbar argues that, although redacted, the statement nonetheless implicated him and thus violated his Sixth Amendment rights under *Bruton v. United States*.[5] In *Bruton*, the United States Supreme Court "held that the admission of a statement of a nontestifying co-defendant which inculpates the defendant unconstitutionally deprives that defendant of the Sixth Amendment right to cross-examine witnesses, even where the jury is instructed to limit its consideration of the statement to the co-defendant who made it."[6] However, such statement may be redacted to eliminate any reference to the defendant, in which case there is no Sixth Amendment violation.[7] "The implication of another defendant must be direct. It is not a *Bruton* violation if the redacted confession identifies the defendant only through the jury's making connections with other evidence and

---

[5] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[6] *Coleman v. State*, 253 Ga. App. 92 (557 SE2d 430) (2001).

[7] See id.; *Butler v. State*, 270 Ga. 441, 445-446 (3) (511 SE2d 180) (1999).

drawing inferences."[8]

Here, the statement was redacted such that there was no mention of Dunbar. And nothing in the statement points directly to Dunbar as a participant.[9] Thus, we fail to see how the statement was inculpatory. Accordingly, the trial court did not err in admitting Hankerson's statement.[10]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 23, 2005.

*Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.

---

[8] (Punctuation omitted.) *Russell v. State*, 230 Ga. App. 546, 549 (3) (497 SE2d 36) (1998).

[9] Compare *Davis v. State*, 272 Ga. 327, 330-333 (6) (528 SE2d 800) (2000) (statement, despite redaction, referred to a person the jury likely concluded was the defendant).

