A05A1482. HANKERSON v. THE STATE.
(621 SE2d 772)

ELLINGTON, Judge.

A Screven County jury convicted Theron Hankerson of armed robbery, OCGA § 16-8-41 (a); kidnapping, OCGA § 16-5-40 (a); aggravated assault, OCGA § 16-5-21 (a); and possession of a firearm during

the commission of a crime, OCGA § 16-11-106 (b). Hankerson appealed his conviction in December 2003. This Court remanded the case back to the trial court to consider whether Hankerson received effective assistance of trial counsel. On remand, the trial court found that Hankerson failed to demonstrate that he received ineffective assistance at trial. We agree with the court's conclusion and affirm Hankerson's convictions.

The facts of this case can best be summarized by Hankerson's confession to the police, which was admitted and related to the jury at trial. The court redacted all references to Hankerson's codefendant, Jerry Dunbar, from the statement before it was presented to the jury.[1] According to Hankerson's confession, on the day of the robbery, he and several others were sitting around "smoking dope" when they decided to rob a liquor store. Hankerson borrowed a gun, went to a liquor store with two others, and entered the store. Hankerson made the people in the store lie down on the floor, got the money from behind the counter, tore the phone from the wall, and took a radio. After leaving the store, he went to a house and split the money among several people. Hankerson believed that he had taken about $1,200 from the store and that he had received about $350 of that amount. He returned the gun to its owner and went to his girlfriend's house.

The trial transcript also shows that after the armed robbery in this case, Dunbar had a conversation with a third party, who asked him about the armed robbery and requested advice about committing a similar robbery. Unbeknownst to Dunbar, the third party had agreed to work as an informant for police investigators and secretly audiotaped the conversation. During the conversation, Dunbar admitted that he and Hankerson went into the liquor store, that he had a gun, that they took money and some liquor from the store, and that they forced a customer who entered the store to lie down. The record shows that, when Dunbar made the statements to the third party, he was not in custody and was not being interrogated by the police. The State played the audiotape for the jury at trial.

On appeal, Hankerson contends that his trial counsel was ineffective for failing to move to sever his trial from that of Dunbar. He contends that the lack of a severance resulted in his inability to confront a witness against him, specifically Dunbar. Hankerson also argues that admission of the audiotape of the statements at trial

---

[1] See *Dunbar v. State*, 271 Ga. App. 753, 754-755 (2) (610 SE2d 702) (2005) (finding that the admission of Hankerson's redacted statement did not implicate Dunbar in the armed robbery because it did not mention Dunbar's participation in the armed robbery or otherwise identify him).

violated *Bruton v. United States*,[2] which prohibits the admission of a custodial statement by a nontestifying co-defendant against another defendant.

1. The issue of trial counsel's ineffective assistance in this case turns on whether the admission of Dunbar's statements to the third party violated *Bruton*. As the Supreme Court of Georgia has concluded, a *Bruton* analysis does not apply to noncustodial statements of co-conspirators while the conspiracy is pending. See *Burgess v. State*, 278 Ga. 314, 315 (1), n. 10 (602 SE2d 566) (2004). The record supports the trial court's conclusion that Dunbar's statements were noncustodial and were made by a co-conspirator in furtherance of the conspiracy. Therefore, the court properly found the admission of the statements did not violate *Bruton*. See id.; see also OCGA § 24-3-5 (an exception to the rule against hearsay which provides that, once the State has proven that a conspiracy exists, any noncustodial statement by one of the conspirators which is made while the conspiracy is still pending is admissible against all of the conspirators).

Further, even if admission of the statements violated *Bruton*, any error in their admission would have been harmless beyond a reasonable doubt in light of the overwhelming evidence against Hankerson, including his confession to police. *Bennett v. State*, 266 Ga. App. 502, 506 (4) (b) (597 SE2d 565) (2004).

2. As to Hankerson's claim of ineffective assistance of counsel, he contends that, because admission of Dunbar's statements in the joint trial violated *Bruton*, counsel's failure to move for a severance of the trial constituted ineffective assistance. In order to prove ineffective assistance, Hankerson was required to "show that counsel's performance was deficient and that this deficient performance prejudiced his defense. The trial court's factual determinations with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous." (Citations omitted.) *Bennett v. State*, 266 Ga. App. at 504 (3).

As we have held in Division 1, supra, Dunbar's statements were admissible under OCGA § 24-3-5 and their admission did not violate *Bruton*. Accordingly, Hankerson has failed to demonstrate that he was entitled to a severance based upon *Bruton* or that counsel's failure to request a severance constituted ineffective assistance. *Talley v. State*, 269 Ga. App. 712, 713 (2) (b) (605 SE2d 108) (2004)

---

[2] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). Under *Bruton*,

a defendant's constitutional right of confrontation is violated when: (a) co-defendants are tried jointly; (b) one co-defendant's statement is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement.

(Citations and punctuation omitted.) *Bennett v. State*, 266 Ga. App. 502, 505 (4) (a) (597 SE2d 565) (2004).

548

(defendant failed to show that a motion to sever would have been successful and, therefore, failed to meet his burden of showing that counsel's failure to file the motion constituted ineffective assistance).

3. Hankerson also argues on appeal that the trial court erred in admitting his custodial statement because the investigating officer failed to audiotape or videotape the statement. The record shows, however, that Hankerson did not argue this issue to the trial court following this Court's remand on the issue of ineffective assistance. Further, this issue was not ruled upon by the trial court below. Accordingly, there is nothing for this Court to review. *Umbehaum v. State*, 251 Ga. App. 471, 474 (3) (554 SE2d 608) (2001).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 21, 2005.

*Gregory T. Clifton*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.