A08A0303. HINTON v. THE STATE.

(663 SE2d 401)

SMITH, Presiding Judge.

A jury found Kevin Hinton guilty of possessing cocaine, possessing marijuana, obstructing an officer, and driving with a suspended

license.[1] Hinton appeals, claiming that he received ineffective assistance of counsel with respect to the cocaine charge. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict, the evidence shows that while on patrol on November 4, 2002, Officer Henry Hudson of the DeKalb County Police Department performed a random computer check on the license tag of a vehicle driven by Hinton. When the computer check indicated that the tag had been stolen, Hudson requested backup assistance from his dispatcher and followed the vehicle. Hudson eventually signaled Hinton to pull the car over, but Hinton refused to stop. After a brief car chase, Hinton jumped from the vehicle and ran into a wooded area.

Backup officers arrived on the scene, and one pursued Hinton, who was apprehended in a nearby apartment. A search of Hinton's person revealed a "gram scale" commonly used to measure cocaine that was covered with a white powder residue. Officers field tested the residue, which indicated positive for cocaine, but did not submit it to the crime lab for chemical analysis. The officer who transported Hinton to the police station also found a bag of marijuana in the back seat when he removed Hinton from the patrol car.

At the police station, Hinton began to sweat profusely, had difficulty breathing, stated that he felt ill, and vomited — physical symptoms that one officer had observed in persons who tried to hide cocaine from authorities by swallowing it. When questioned about his condition, Hinton indicated that he had ingested cocaine. The police took Hinton to the hospital, where another officer heard him tell a nurse that he had swallowed one-half ounce of cocaine.

The State also offered evidence that on three prior occasions, Hinton pled guilty to possessing cocaine. The similar transaction evidence, which was admitted to show bent of mind and course of conduct, included testimony from the arresting officers, as well as copies of Hinton's certified convictions. Two of the transactions involved circumstances under which Hinton tried to discard cocaine when confronted by police.

In his sole enumeration of error, Hinton argues that trial counsel was ineffective in failing to object to the admission of the cocaine field test. To prevail on this claim, Hinton must demonstrate that counsel's performance was deficient and that the deficiency prejudiced his defense. *Haygood v. State*, 289 Ga. App. 187, 192 (2) (656 SE2d 541) (2008). The prejudice prong relates to the result of the proceedings. Ultimately, Hinton must establish a reasonable prob-

---

[1] The jury also found Hinton guilty of theft by receiving, but the trial court set that verdict aside after determining that the evidence did not support the conviction.

ability that, but for counsel's deficiency, the outcome of the trial would have been different. Id.

On appeal, Hinton focuses on our Supreme Court's decision in *Harper v. State*, 249 Ga. 519 (292 SE2d 389) (1982). In *Harper*, the Supreme Court held that, in determining the admissibility of a scientific principle or technique, "it is proper for the trial judge to decide whether the procedure or technique in question has reached a scientific stage of verifiable certainty." (Citation and footnote omitted.) Id. at 525 (1). Hinton's trial counsel challenged the chemical field test's reliability through cross-examination, eliciting testimony from the State's crime lab expert that a field test produces "merely a presumptive result [that] by no means proves anything beyond a scientific doubt or anything like that." But counsel did not object to the test's admissibility under *Harper*.

According to Hinton, if an objection had been raised, the trial court would have — or should have — excluded the field test as unreliable. He further argues that without the field test evidence, the jury likely would have acquitted him of possessing cocaine. We disagree.

Significant evidence other than the field test supported the jury's verdict. As discussed above, the officers found a residue-laden scale commonly used to measure cocaine on Hinton's person. Following his arrest, Hinton displayed the same physical symptoms seen in persons who had swallowed cocaine when confronted by police. Hinton also admitted to two people — an officer and a nurse — that he had swallowed cocaine, and on two prior occasions leading to drug convictions, he attempted to discard cocaine to avoid detection by authorities. This evidence fully supported the jury's determination that Hinton possessed cocaine. See *Cronan v. State*, 236 Ga. App. 374, 376 (1) (b) (511 SE2d 899) (1999) (defendant's "statement to the police that he smoked, and thus possessed, marijuana . . . admitted the essential elements of the offense [of possession]"); *Aldridge v. State*, 237 Ga. App. 209, 212 (1) (515 SE2d 397) (1999) (where jury concludes that defendant has ingested drugs, it is "authorized to infer that he previously possessed the drugs ingested").

Moreover, defense counsel successfully undermined the field test, establishing through the State's own expert that it was merely presumptive and lacked scientific certainty. Given the strength of the other evidence supporting Hinton's conviction, we find no reasonable probability that this questionable test affected the trial result. Simply put, the jury likely would have found Hinton guilty of possessing cocaine even if the field test had been excluded. Accordingly, because Hinton cannot show that counsel's performance prejudiced him, his ineffective assistance claim lacks merit. See

*Haygood*, supra, 289 Ga. App. at 194 (2) (b); *Hankerson v. State*, 275 Ga. App. 545, 547 (1) (621 SE2d 772) (2005).
   *Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 18, 2008.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.