## 27172. HOOD v. THE STATE.

HAWES, Justice. Hood was convicted of the offense of armed robbery and sentenced to 12 years' imprisonment. He made a motion for a new trial, which, as amended, was overruled, and he appealed. In this court he complains only of the overruling of his motion to suppress evidence and of the overruling of the general grounds of his motion for a new trial.

1. The accused filed two motions to suppress physical evidence on the ground that it was obtained by means of an illegal search and on the ground that no connection

between the evidence and the crime with which he was charged was shown. The evidence was seized when an automobile owned and driven by the defendant was stopped pursuant to a police lookout bulletin which referred to an automobile of the description fitting appellant's car which had been used as a "get-away" vehicle following an armed robbery. The officers who stopped the car observed a pistol lying on the front seat of the automobile between the driver and the passenger, and also in plain view in the automobile were ski masks, silk stockings and gloves. In view of the information imparted by the police lookout bulletin, and in view of the objects plainly in view when the car was stopped, the officers were justified in conducting a search of the automobile without a warrant for their own protection, and to discover evidence connected with the commission of a crime. Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543); Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889); Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419); *Anderson v. State,* 123 Ga. App. 57 (1) (179 SE2d 286). With respect to this contention, appellant relies upon the case of Whiteley v. Warden, 401 U. S. 560 (91 SC 1031, 28 LE2d 306). That case, however, involved an asserted illegal arrest, which assertion was sustained, with no incidence of objects plainly in view in the automobile such as to justify reasonable grounds to suspect their connection with criminal activity, contrary to the facts here. This distinguishes that case and the cases first cited. Here appellant makes no contention respecting the legality of his arrest, and the determination of the question as to whether the search was legal is not dependent on whether the arrest was legal. As to the knowledge necessary in the arresting officer to justify a reasonable ground to believe that the arrestee has been guilty of a felony so as to render the arrest lawful, see the Carroll v. United States, 267 U. S. 132, supra, p. 161. The appellant's first contention is without merit.

2. With respect to the sufficiency of the evidence to authorize the conviction, it is sufficient to say that there is no merit in appellant's contention in this regard. He contends that his conviction was based wholly on circumstantial evidence, but this is not true. Witnesses positively identified the appellant as one of those present at the scene of the robbery with which he was charged. Though the witnesses did not see a gun in his possession, the evidence shows that he stood inside the front of the store being robbed with his hands in his pockets and waited until the other participants had departed, when he thereupon turned and left the store and after walking a short distance broke into a run, following generally the route taken by the other perpetrators of the robbery. This was direct evidence of his participation in the robbery as a lookout, and was clearly sufficient to authorize the jury to convict him when those facts are taken together with the other proven facts. The evidence authorized the verdict, and no error of law appearing, the trial court did not err in overruling appellant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*
SUBMITTED MAY 9, 1972—DECIDED SEPTEMBER 8, 1972.

*Glenn Zell*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joel M. Feldman, Carter Goode, Richard E. Hicks, James H. Mobley, Jr., Arthur K. Bolton*, Attorney General, *Harold N. Hill, Jr.*, Executive Assistant Attorney General, *Courtney Wilder Stanton, William F. Bartee, Jr.*, Assistant Attorneys General, for appellee.

