## A03A0767. GOINS v. THE STATE.
### (578 SE2d 308)

BLACKBURN, Presiding Judge.

In this out-of-time appeal, Gary L. Goins appeals his conviction for burglary and theft by taking, contending that: (1) the evidence was insufficient to support the verdict; (2) the trial court erred by failing to instruct the jury that statements made by a co-defendant were nonprobative hearsay in violation of *Bruton v. United States*;[1] and (3) his counsel provided ineffective assistance. For the reasons set forth below, we affirm.

1. Goins contends that the evidence was insufficient to support the verdict. We disagree.

> [T]he evidence must be viewed in the light most favorable to the verdict, and [Goins] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] . . . As long as there is some competent evidence . . . to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Grier v. State*.[3]

---

[1] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

Viewed in this light, the record shows that, sometime during the night on November 13, 1998, the home of Dean and Cynthia Houston was burglarized. The burglars ransacked the house and, among other things, stole Cynthia Houston's car, approximately $8,000 from a safe, and 14 firearms. Shortly after the crime, both Goins and Robert Ownby, a former employee of Dean Houston, were identified as suspects.

At his initial interview, Goins denied any connection to the burglary; however, he subsequently recanted, stating that he had gone to the house with Ownby, but he never entered it. Goins admitted that, after the burglary, he and Ownby drove off in Mrs. Houston's stolen car and Ownby used the stolen cash and firearms to purchase crack cocaine. In addition, Goins offered to retrieve some of the stolen property if the police agreed to set him free.

Mrs. Houston's stolen vehicle was subsequently recovered in Alabama at the home of Ownby's sister, Alicia Carver, with whom Goins had been living and having a romantic relationship. The car had been largely dismantled into its constituent parts at the time that it was found.

In light of Goins' admissions, this evidence was more than sufficient to support Goins' convictions. See *Jackson*, supra.

2. Goins contends that the trial court erred by failing to instruct the jury that certain statements made by Ownby which implicated him in the burglary were nonprobative hearsay. Ownby, after being arrested, told police that Goins entered the Houstons' home with him and assisted with the burglary until he got frightened and left. Ownby further stated that, during the burglary, Goins drank one of the Houstons' beers with him.

At the time of Goins' trial, Ownby was in jail in Tennessee, and the State chose not to avail itself of OCGA § 24-10-95 in order to make Ownby available to testify. In light of Ownby's absence, the State agreed, prior to the start of the trial, that the content of Ownby's statement could not be put into evidence pursuant to *Bruton*, supra.

Ownby's statement implicating Goins was admitted into evidence after his counsel asked the investigating detective: "You don't have any real evidence that Mr. Goins went into the house?" After this question, the trial court allowed the State to introduce Ownby's statement over Goins' objection, ruling that Goins had opened the door to this testimony. On the basis of *Bruton*, we must disagree.

> [U]nless the statement is otherwise directly admissible against the defendant, the Confrontation Clause is violated by the admission of a nontestifying co-defendant's statement which inculpates the defendant by referring to the defend-

ant's name or existence, regardless of the existence of limiting instructions and of whether the incriminated defendant has made an interlocking incriminating statement. A codefendant's statement meets the Confrontation Clause's standard for admissibility when it does not refer to the existence of the defendant and is accompanied by instructions limiting its use to the case against the confessing codefendant.

*Hanifa v. State*[4] (applying *Bruton*, supra).

Prior to trial, it had already been agreed between the parties that Ownby's confession was inadmissible pursuant to *Bruton*, and we do not think that the question asked by Goins' counsel waived Goins' right to exclude such clearly inadmissible hearsay. To the contrary, we interpret the question posed by Goins' counsel as one referring only to constitutionally admissible evidence, not evidence which all parties had already agreed was in violation of *Bruton*. As such, we find that the admission of Ownby's statement was in violation of *Bruton*.

This error, however, was harmless. "To be harmless, a *Bruton* error must be harmless beyond a reasonable doubt. *Schneble v. Florida*.[5] Where overwhelming evidence of a defendant's guilt exists apart from the statement of the co-defendant, then any violation of *Bruton* is harmless beyond a reasonable doubt." (Citation and punctuation omitted.) *Cunningham v. State*.[6]

In this case, by his own admission, Goins was present when the burglary occurred, and, afterward, he was privy to both the use of Mrs. Houston's stolen car and the use of the Houstons' cash and property to purchase drugs. There is, therefore, little question that Goins was involved with the crimes against the Houstons, and the jury had ample evidence upon which to determine that, at the very least, he was a party to the crimes. Therefore, Goins' conviction must stand.

3. For the first time on out-of-time appeal, Goins contends that his trial counsel rendered ineffective assistance by opening the door for the prosecution to introduce hearsay statements made by Ownby which implicated him in the burglary. Goins has waived the right to make this contention.

[T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and

---

[4] *Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731) (1998).

[5] *Schneble v. Florida*, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972).

[6] *Cunningham v. State*, 240 Ga. App. 92, 98 (3) (522 SE2d 684) (1999).

from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.

*Ponder v. State.*[7]

Goins, through his new counsel for his out-of-time appeal, failed to raise any issue relating to his trial counsel's effectiveness in the lower court, and no hearing ever took place regarding his counsel's effectiveness. Indeed, Goins did not file a motion for new trial in the lower court at all. Instead, he immediately filed a notice of appeal with this Court once his out-of-time-appeal had been granted. As such, his enumeration of error in this regard has been waived. *Ponder*, supra.

Moreover, even if Goins had not waived his right to argue that his counsel was ineffective, the argument would be without merit. As discussed in Division 2, supra, Goins' counsel did not open the door to Ownby's inadmissible statements. Furthermore, Goins' trial counsel objected to the admission of these statements, but was overruled. Therefore, Goins' counsel was not, in fact, ineffective.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 18, 2003.

*Lindsay H. Bennett III*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney*, for appellee.

---

[7] *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991).

