## S04A0695. FRAZIER v. THE STATE.
(602 SE2d 588)

HUNSTEIN, Justice.

Van Lee Frazier was convicted of felony murder in the strangling death of his wife, Lorraine Hendrix Frazier. He appeals from the denial of his motion for new trial.[1] Finding no error, we affirm.

1. The jury was authorized to find that Frazier had a history of beating, choking and torturing the victim. On the day of the murder Frazier made statements to a relative, to an officer who arrived at the crime scene and to police during custodial interrogation in which he admitted that he had strangled the victim to death; he claimed he did so to prevent her from using illegal drugs. At trial Frazier testified that after observing the victim purchase crack cocaine, he followed her home and confronted her; he grabbed her by the throat during their argument; and he maintained his grip until he realized the victim was in physical distress. The police found no signs of struggle at the residence and medical testimony established that the victim died from strangulation.

The evidence was sufficient to enable a rational trier of fact to find Frazier guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's admission of evidence of Frazier's prior difficulties with the victim. The evidence was properly admitted to show the relationship between Frazier and the victim

---

[1] The murder occurred on September 19, 2001. Frazier was indicted December 5, 2001 in Chatham County on charges of malice murder, felony murder and aggravated assault. He was found guilty of felony murder and aggravated assault in a verdict filed December 4, 2002 and was sentenced in an order filed December 6, 2002 to life in prison with the aggravated assault merged into the felony murder. Frazier's motion for new trial, filed December 23, 2002 and amended May 21, 2003, was denied September 19, 2003. A notice of appeal was filed September 25, 2003. The appeal was docketed December 30, 2003 and was submitted for decision on the briefs.

and to show his motive, intent and bent of mind in committing the charged crimes. *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998). The trial court gave proper limiting instructions regarding the jury's consideration of this evidence. Id. at 509. Because the prosecutor intended to present this evidence at trial and the evidence was properly admitted, reference to this evidence by the prosecutor in opening statement was not error. See *Bellamy v. State*, 272 Ga. 157 (5) (527 SE2d 867) (2000) (State can inform jury in opening statement what evidence it expects to present).[2]

3. Frazier contends the trial court erred by denying his motion for mistrial made after a witness, in violation of a pre-trial ruling, related a hearsay statement allegedly uttered by the victim. The transcript reveals that the witness's testimony was neither invited by the prosecutor nor responsive to the question asked. Additionally, the trial court instructed the jurors to disregard the testimony after conducting individual voir dire to ensure that the jurors were not prejudiced by the testimony. We find no abuse of the trial court's discretion in its denial of Frazier's motion. See *Culler v. State*, 277 Ga. 717 (3) (594 SE2d 631) (2004).

4. Because Frazier's custodial statement merely repeated what he had earlier told his aunt and admitted in his non-custodial statement to the first officer on the scene, admission of the custodial statement was harmless beyond a reasonable doubt even assuming, arguendo, that officers during that interrogation failed to scrupulously honor Frazier's right to remain silent. See *Milton v. Wainwright*, 407 U. S. 371, 372-373 (92 SC 2174, 33 LE2d 1) (1972) (constitutional error in the admission of an inadmissible confession was harmless because of other cumulative unchallenged confessions).

5. Frazier contends the trial court erred by admitting testimony by the victim's daughter, LaToya Hendrix, about a physical confrontation between Frazier and the victim's son because the State failed to comply with USCR 31 et seq. regarding the admission of prior difficulties. LaToya testified that while at the victim's home, the victim called to her saying that Frazier had assaulted her by inserting a heated clothes hanger into the victim's vagina; LaToya left the home to telephone for emergency assistance for her mother; upon her return, Frazier was still in the home, "tussling" with the victim's son with his hand on the son's neck; Frazier threatened to "kill you all";

---

[2] The trial court did not instruct the jury that opening statements by counsel are not evidence and no such instruction was requested. However, the prosecutor in her opening statement emphasized that nothing she or defense counsel said was evidence.

and that after overpowering the son, Frazier left shortly before the ambulance and police arrived.

Pretermitting the procedural default created by Frazier's failure to object to this testimony at trial, it is highly probable given the overwhelming evidence of Frazier's guilt that any error in the admission of this evidence did not contribute to the jury's guilty verdict. See generally *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

6. In order to establish ineffectiveness of trial counsel, Frazier is required to show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003). Frazier cannot show his defense was prejudiced as a result of counsel's failure to object to LaToya's testimony regarding the fight between Frazier and her brother. See Division 5, supra. Nor can Frazier show that counsel was deficient in failing to raise a *Miranda* objection to non-custodial statements Frazier made to the police. See *Mosely v. State*, 269 Ga. 17 (3) (495 SE2d 9) (1998). Accordingly, the trial court did not err by rejecting Frazier's claim of ineffective assistance of trial counsel.

7. Frazier's failure to object waives any error regarding the admission of the autopsy report. See generally *Rhodes v. State*, 271 Ga. 481 (2) (521 SE2d 579) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Thomas J. Gustinella*, for appellant.

*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.