### A08A0760. HAWKINS v. THE STATE.
(663 SE2d 406)

BERNES, Judge.

A Gwinnett County jury convicted Darren Hawkins of armed robbery, and the trial court denied his motion for new trial. On appeal, Hawkins contends that the trial court erred in admitting his inculpatory statement made to the police because it was given with some hope of benefit and thus was involuntary. Finding no reversible error, we affirm.

Following a criminal conviction, the evidence must be construed in the light most favorable to the jury verdict. *Millender v. State*, 286 Ga. App. 331 (1) (648 SE2d 777) (2007). So viewed, the evidence shows that in the early morning hours of July 9, 2004, Hawkins and co-defendant Christopher Ball entered a gas station convenience store wearing identical baggy black t-shirts, black bandannas over their faces, and black "do-rag[s]" on their heads. Ball was holding a BB gun that looked like a semi-automatic handgun. Once inside the store, Ball pointed the gun at the cashier, and Hawkins told her to put the money from the cash register into a bag and hand it over. The cashier complied. Ball grabbed the bag of money, and Hawkins and Ball ran out of the store. The cashier then called 911.

---

[6] (Punctuation omitted.) *Hill v. State*, 290 Ga. App. 140, 146 (5) (f) (658 SE2d 863) (2008).

After exiting the store, Hawkins and Ball proceeded to a Jeep Cherokee hidden nearby, where four other uncharged co-conspirators were waiting for them. Hawkins had provided the jeep for them to use that night. The six individuals drove off and then divided the money stolen from the convenience store. Hawkins and Ball each took $300.

After dividing the money, Hawkins and Ball dropped off the other four co-conspirators and then went to a fast food restaurant in the jeep. A police officer parked across the street saw Hawkins and Ball in the restaurant parking lot. They matched the be on the lookout ("BOLO") description of the two individuals sought for the robbery, as did the tag number, color, make, and model of the jeep. The officer approached the jeep and, assisted by backup, arrested Hawkins and Ball. Both had on identical baggy black shirts. Hawkins had the gun used in the robbery in his waistband and a black bandanna in his pocket. Both had almost $300 on their persons when they were taken into custody.

At the police station, a detective advised Hawkins of his *Miranda* rights and conducted a videotaped interview. Hawkins denied involvement in the robbery but then stopped the interview after the detective accused him of lying. Later that morning, Hawkins spoke with his mother and sister at the station. The mother and sister encouraged Hawkins to tell the detective the truth about what had happened based on their belief that he could get probation rather than a prison sentence if he cooperated. After speaking with them, Hawkins told the detective that he wanted to make an additional statement. The detective again advised Hawkins of his *Miranda* rights, after which Hawkins gave a second videotaped statement in which he admitted his involvement in the robbery.

Hawkins was indicted and tried on one count of armed robbery. The trial court determined at a *Jackson-Denno* hearing that Hawkins had made his inculpatory statement "voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury" under OCGA § 24-3-50. Accordingly, the trial court denied Hawkins' motion to suppress the videotaped statement and admitted it into evidence over Hawkins' objection.

During the trial, the cashier and two other witnesses who had been in the convenience store testified that two young males wearing identical black baggy shirts and black bandannas had entered the store and robbed the cashier at gunpoint. Because of the bandannas, they could not further identify the perpetrators. However, Ball, who had previously entered a guilty plea, testified to all of the events surrounding the armed robbery set out above, admitted that he and Hawkins had been involved in the planning of the robbery, and stated that they were the two individuals who had gone into the store

and robbed the cashier. Additionally, the officer who initially spotted Hawkins and Ball and the jeep described in the BOLO testified about their apprehension and to the fact that at the time of his arrest, Hawkins was wearing a baggy black t-shirt and a black bandanna and had the BB gun and the proceeds from the robbery on his person.

Hawkins also testified at trial. He denied going into the convenience store with Ball to commit the robbery. But he admitted to being in the jeep at the time that Ball and another co-conspirator robbed the store, and he admitted that he knew beforehand what they planned to do. Hawkins further testified that earlier that night, he had been in the jeep when Ball and the other co-conspirators had staked out two other convenience stores that they were contemplating robbing. Moreover, Hawkins admitted that he had provided the jeep used in the robbery, had fled with the others in the jeep after the robbery, and had received $300 from the robbery proceeds for providing a vehicle. Finally, Hawkins conceded that, at the time of his arrest, he was wearing black clothes and a black bandanna and was in possession of the BB gun that had been used in the robbery.

The jury convicted Hawkins of the charged offense. In his sole enumeration of error, Hawkins contends that the trial court erred in admitting into evidence his videotaped inculpatory statement made to the detective. According to Hawkins, his statement was involuntary under OCGA § 24-3-50 because he was induced to make the statement based on the hope that he would receive a probated sentence if he was cooperative.

We conclude that even if the trial court erred in admitting Hawkins' inculpatory statement, the error was harmless beyond a reasonable doubt because the evidence of Hawkins' guilt was overwhelming. Hawkins met the physical description of the perpetrators of the robbery given by the cashier and the other two eyewitnesses; was caught in the vehicle used in the robbery; was wearing a baggy black t-shirt when he was arrested; and had the gun used in the armed robbery, proceeds from the robbery, and a black bandanna on his person at the time of his arrest. Moreover, Ball testified that Hawkins went into the convenience store with him and participated in the crime. Finally, Hawkins' own admissions during his testimony at trial, in and of themselves, proved that he was a party to the armed robbery under OCGA § 16-2-20 (a). See OCGA § 16-8-41 (a); *Hood v. State*, 229 Ga. 435, 436 (1), 437 (2) (192 SE2d 154) (1972) (affirming defendant's conviction of armed robbery where, among other things, the defendant supplied the getaway vehicle); *In the Interest of C. L.*, 289 Ga. App. 377, 380 (1) (b) (657 SE2d 301) (2008) (defendant's participation in crime could be inferred based in part on his continued involvement with co-defendants despite his prior knowledge that a crime was going to occur); *Cummings v. State*, 227

Ga. App. 564, 566 (489 SE2d 370) (1997) (defendant was party to the crime of armed robbery based on, among other things, his physical position during the robbery and his flight with the other robbers); *Cutkelvin v. State*, 258 Ga. App. 691, 694 (1) (574 SE2d 883) (2002) (defendant's participation in robbery inferred in part from fact that he received a share of the robbery proceeds).

Given this overwhelming evidence, Hawkins' conviction must stand. See *Goins v. State*, 259 Ga. App. 739, 741 (2) (578 SE2d 308) (2003) (error in admitting statement was harmless in light of defendant's inculpatory admissions, which were admissible, establishing his guilt as a party to the crime). See also *Milton v. Wainwright*, 407 U. S. 371, 371-378 (92 SC 2174, 33 LE2d 1) (1972) (constitutional error in admitting confession was harmless in light of other inculpatory admissions by defendant that were properly admitted); *Frazier v. State*, 278 Ga. 297, 298 (4) (602 SE2d 588) (2004); *Chambley v. State*, 177 Ga. App. 630, 630-631 (1) (340 SE2d 635) (1986).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 18, 2008.

*Michael M. Sheffield*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer M. Taylor, Assistant District Attorney*, for appellee.